# CHARLESTON.

FARMERS' BANK OF FAIRMONT *v.* WATSON *et al.*

Submitted January 29, 1894.—Decided April 7, 1894.

PARTIES—LIEN—PRACTICE.

> If a lien-creditor in filing a bill to enforce his lien against real estate neglects to make necessary parties thereto in accordance with the former decisions of this court, all decrees entered will be reversed, and the proceedings thereunder annulled, and the bill will be remanded to be properly amended.

JOHN W. MASON and F. T. MARTIN for appellants:

I.—*Trustees holding legal title must be made parties to a bill seeking to sell the land before the Court can acquire control*

*over or right to sell.*—16 W. Va. 724 ; 23 W. Va. 664 ; 35 W. Va. 705.

II.—*Where the proper parties are not made and this appears on the face of the record the Supreme Court will reverse and remand, although the question was not raised in the court below.*—33 W. Va. 155.

III.—*The order confirming the sale had been entered, but court was still in session and the order yet in the breast of the court.* 28 W. Va. 811.

IV.—*The large upset bids were the very best evidence of the great inadequacy of price bid at the sale.*—9 W. Va. 493.

A. B. FLEMING and J. W. MASON for appellee Farmers' Bank.

W. S. MEREDITH for appellee T. W. Fleming.

DENT, JUDGE :

On the 27th day of May, 1892, the Farmers' Bank of Fairmont instituted suit in the Circuit Court of Marion county against various defendants for the purpose of subjecting the real estate of J. Fay Watson and Charles M. Watson to the payment of certain specified liens thereon. Such proceedings were had therein that on the 6th day of July, 1893, a decree was entered confirming a sale of said lands to Thomas W. Fleming. After the confirmation of said sale but at the same term of court the plaintiff and the defendants also J. R. Southern, James O. Watson and S. L. Watson having filed their petitions moved the court to set aside the decree confirming the sale and the sale also the decree of sale. Thomas W. Fleming appeared as the purchaser and resisted said motions. The court on consideration thereof overruled said motions and affirmed said decrees and sale ; and thereupon the defendants J. Fay Watson and Charles M. Watson appealed to this Court, and now here assign the following errors, to wit :

"(1) It was error to decree the sale of the land without the proper parties before the court.

"(2) It was error to decree the sale of the lands without having given the notice to lienholders required by section 7 of chapter 139 of the Code.

"(3) It was error to decree a sale of the lands without having convened all the lienholders whose liens were disclosed by the judgment-lien docket or the records of the court of the county in which the lands were situated, either by making them formal parties to the suit or by legal publication by a commissioner. James O. Watson was a deed of trust-creditor, and his deed of trust was of record in the clerk's office of the County Court of the county, where the land sought to be sold was situate, and he was not a party to the suit; and no legal notice to lienholders was posted as required by law.

"(4) The court erred in confirming the sale by the decree of July 6, 1893. The records show that the land was sold at a wholly inadequate price. It sold for one thousand and seven hundred dollars. James O. Watson and S. L. Watson each offer to pay two thousand and three hundred dollars for the land, J. R. Southern offers two thousand and four hundred dollars, and Thomas F. Watson offers two thousand and five hundred dollars, and all say it is worth more. Commissioner Meredith reports its value at one thousand and five hundred dollars per share, or three thousand dollars for the land sold.

"(5) The court erred in not setting aside said decree confirming said sale, for the reason that your petitioners appeared in open court, and offered to pay into court enough money to pay all the debts, interest, and costs decreed against them, and for the payment of which the lands were sold, if the decree confirming the sale be set aside. This the court refused to allow your petitioners to do. This refusal was made at the instance of the purchaser alone, after a motion to set aside the decree and order a re sale of said real estate had been made and refused to the plaintiff in the case."

The first question to be determined is this: Were all the necessary parties before the court? If not this cause must be reversed, for this reason alone without further consideration of its merits. In the case of *McMillan* v. *Hickman*, 35 W. Va. 705 (14 S. E. Rep. 227) this Court in repetition of many former decisions laid down the rule as to parties in the first syllabus, as follows, to wit: "In a pro-

ceeding in chancery by a judgment-creditor to subject the real estate of his debtor to the payment of his judgment-lien, it is the duty of the plaintiff to make all lien-creditors of the debtor known to him, and who are disclosed by the judgment-lien-docket or the records of the courts of the counties, in which the lands sought to be sold are situated, parties to the suit; and where there are liens by trust-deeds, the trustees in such deeds must be made formal parties before any sale of the debtor's land can be ordered, and such trustees can not be made informal parties by publication."

The record in the case before us discloses the fact, that there is an outstanding deed of trust against the land of J. Fay Watson, duly recorded in the County Court clerk's office of said county long previous to the institution of this suit. Neither the trustee, A. B. Fleming, nor the *cestui que trust*, James O. Watson, was made party to this suit, as they should have been. This is error, for which this Court on its own motion will reverse the cause. *Morgan* v. *Blatchley*, 33 W. Va. 156 (10 S. E. Rep. 282).

But it is insisted on behalf of the purchaser, Thomas W. Fleming, that they are not necessary parties, because more than twenty years have elapsed since the execution of the deed of trust, and therefore the presumption of payment arises as held in the case of *Criss* v. *Criss*, 28 W. Va. 389; but in that case the law is propounded in the eighth point of the syllabus, as follows, to wit: "But, though more than twenty years have elapsed, the presumption of payment may be rebutted by satisfactory proof that the debt has not been paid." While the presumption of law is against it, those in interest, if afforded an opportunity, may show, that the deed of trust is a valid subsisting lien, and thus defeat the title of the purchaser of said land purchasing subject to such lien. It is the duty of a court of equity to remove all clouds upon the title of land, if possible to do so, before making a sale thereof, not alone for the protection of the purchaser, but also for the benefit of the landowner and lienor, that a fair sale thereof may be had, and a sacrifice avoided. See *Turk* v. *Skiles*, 38 W. Va. 404 (18 S. E. Rep. 561).

The fact, that the decrees are erroneous as to the lands of J. Fay Watson, renders them also erroneous as to the lands of Charles M. Watson, for the reason that there are joint liens against the lands of both, and the true priorities of the liens can not be ascertained as to one without fixing the priorities as to the other. In the case of *Payne* v. *Webb,* 23 W. Va. 558, the law so frequently settled by this Court is again repeated in the following words, to wit: Syllabus 1. "It is the duty of the court, before it decrees a sale of the land, to fix definitely both the amounts and priorities of the liens on it; and the failure to do either will be ground for the reversal of the decree." The only method in which this Court can enforce respect for its decisions as the law of this state is to strictly adhere to and repeat them as often as they are disregarded.

It, therefore, appearing that the necessary parties were not before the Circuit Court at the time the decrees complained of were entered, said decrees are reversed, the sale of said lands is set aside and annulled, and this cause is remanded to the Circuit Court at the costs of the plaintiff with leave for it to amend its bill by making new parties or otherwise, as may seem proper and right, and to be further proceeded in according to the principles of law and equity.