# CHARLESTON.

CRICKARD *v.* CROUCH'S ADM'RS.

SCOTT *v.* CHENOWETH, SHERIFF.

Submitted June 18, 1895—Decided Dec. 7, 1895.

1. EQUITY PLEADING—MULTIFARIOUS BILL.

A bill which seeks to enforce payment of a small judgment for costs against an administrator *d. b. n.* out of funds in his hands; to sell the real estate of the decedent to pay such judgment; to establish a *devastavit* against the administrator, and surcharge and falsify his accounts; to convene the heirs and creditors of said administrator, now deceased; to settle the accounts of his administrator, and sell his real estate; to convene the heirs, settle the accounts of the administrator, and distribute the estate of the third decedent; to convene the devisees, settle the accounts of the executor, and distribute the estate of a fourth decedent—is multifarious and inequitable.

2. EQUITY PLEADING—MULTIFARIOUS BILL.

A bill in equity which includes many defendants who have distinct interests is multifarious, and therefore erroneous. *Stuart's Heirs* v. *Coulter,* 4 Rand. 74.

3. EQUITY PLEADING—PARTIES—REVERSAL.

Where proper parties are not properly before the court, the decree will be reversed, and the cause remanded for further proceedings.

L. D. STRADER and DAYTON & DAYTON for appellant:

I.—*Appearance to ex parte settlement makes such settlement res judica.*—30 W. Va. 243; 2 Woerners Am. L. Ad. § 502, page 1121; 38 Ohio 480, 492; 25 Mich. 428, 435; 21 Hun, 322; 112 Ind. 85, 88.

II.—*Bill to surcharge should be dismissed if its allegations are denied and not proved.*—28 W. Va. 412.

III.—*Provisional alimony of family.*—Code c. 85, s. 14; 1 Woerners Am. L. Ad. c. 9, page 160 *et seq.* and § 88, p. 180.

IV.—*Appraisement value presumed to be correct.*—2 Woerners Am. L. Ad. p. 669, § 320.

C. H. SCOTT for appellees, cited Code, c. 87, s. 21; 28 W. Va., 414; 18 W. Va. 186; 10 Allen, 425; 42 Ark. 539; 33 La. Ann. 320; 4 Ala. 554; 11 Iowa 226.

DENT, JUDGE:

Leland Kittle, administrator of John M. Crouch, deceased, appeals from a decree of the Circuit Court of Randolph county entered of record the 14th day of May, 1892, in two chancery causes therein pending, of Peter Crickard, administrator, *etc.*, *v.* Elihu C. Crouch's administrator, *etc.*, and Thomas B. Scott *v.* Z. T. Chenoweth, sheriff, *etc.*, and assigns the following errors, to wit:

*First.* It was clear error for the court to maintain the bill, in the second cause of Thomas Scott, and not dismiss the same as being without equity. *Second.* It was error for the court to sustain said second amended bill in the original cause brought to surcharge and falsify the reports of Commissioner Kittle after adjudication had thereupon by the county court, under the exceptions made by the original plaintiff herself. *Third.* The court erred in entering the order of reference to Commissioner Ward for the purpose of causing him to review the report of said Kittle. *Fourth.* It was error for the court, if the second cause was maintainable at all, to join it with the original cause, and through its instrumentality, and by hearing the two together, bring into the original controversy the settlement of two other entirely distinct estates. *Fifth.* It was error to decree any charge upon the real estate of petitioner's decedent, John M. Crouch, until his heirs at law had been made parties to said original cause. *Sixth.* It was error to decree as against said heirs at law the judgment in favor of Thomas B. Scott without any proof of its validity, and charge it upon the real estate of said decedent. *Seventh.* It was error for the court to decree any sum of money to be paid to infants or to their guardians, without ascertaining who such guardians were, and, if none had been appointed, without properly decreeing the preservation of such fund by directing the same to be paid to the general receiver of the court, until such guardians were appointed. *Eighth.* The court erred in overruling each of

the ten several exceptions made by your petitioner to said Commissioner Ward's report. *Ninth.* The court erred in overruling the four exceptions to said report filed by E. D. Wamsley, executor. *Tenth.* It was error to confirm said Commissioner Ward's report, because on its face the settlement made of the account of petitioner's decedent as administrator is clearly erroneous, based on a wrong hypothesis, and almost, if not quite, incomprehensible. *Eleventh.* It was clearly erroneous to charge said two judgments in favor of Peter Crickard, administrator of Rebecca Scott, and in favor of Thomas B. Scott, against the real estate of John M. Crouch, said debts having been those of the original decedent, E. C. Crouch.

On the 31st day of March, 1879, Rebecca Scott filed her bill against John M. Crouch and Charles Crouch; administrators of Elihu C. Crouch, deceased, setting up that in the year 1875, Elihu C. Crouch died, intestate and unmarried, leaving Sarah Crouch, his mother, John M. Crouch, his brother, and Mary Crouch and plaintiff, his sisters, his heirs at law; that shortly afterwards Mary Crouch died, leaving Sarah Crouch, John M. Crouch, and plaintiff her heirs, as well as the heirs of Elihu C. Crouch; that the said defendants had qualified as administrators of Elihu C. Crouch's estate, had taken possession thereof, badly managed the same, and had made no settlement of their accounts or distribution of the funds in their hands. She prayed a settlement and distribution.

The defendants filed their joint answer, denying any mismanagement, and claiming to have well and truly administered the estate in so far as it had reached their hands, and to have duly settled their accounts before Leland Kittle, a commissioner of the county court of said county, as required by law.

Plaintiff then filed her amended bill against the defendants, to which she also made her mother, Sarah Crouch, a defendant. She also set up that on the 26th day of August, 1879, she had obtained a judgment against said administrators on a note executed by Elihu C. Crouch in his lifetime, for the sum of fifty seven dollars and forty four cents, with interest and twelve

dollars and twenty cents costs; that she had caused an execution to issue thereon, which had been returned "No property found." She charges that said administrators had received a large personal estate, greatly in excess of all legal charges and demands against the same, which they not only refused to distribute, but refused to pay on debts and demands against the estate, but they had squandered and devastated the same. She again prays a settlement.

The admininstrators again answer, denying the charges of devastation and mismanagement, and claim to have faithfully performed their duties, and settled their accounts.

Plaintiff then, on the first Monday in December, 1891, filed a second amended bill, in which she surcharges and falsifies the settlements made by said administrators before Commissioner Kittle, setting out a large number of items with which they had not charged themselves, and numerous credits given to which they were not entitled. She admits that she appeared and excepted to the *ex parte* settlements in the county court, but the court had not acted on such exceptions.

Charles Crouch had died in the meantime, and the second amended bill was filed against John M. Crouch alone, as surviving administrator, who had received all the property and transacted all the business.

John M. Crouch, as surviving administrator, filed his separate answer, denied all the allegations of the bill as to the devastation charged, and insisted that as the report of his settlements had been confirmed by the county court, and the plaintiff had appeared and filed exceptions thereto, although she afterwards withdrew, she was bound by the judgment of confirmation, and could not now surcharge and falsify such accounts.

On the 16th day of January, 1883, the cause was referred to Leland Kittle, commissioner, to correct the errors, if any, in said *ex parte* settlements.

On the 27th day of May, 1884, the death of John M. Crouch was suggested.

No further proceedings were had in the case until the

27th day of May, 1889, when the death of the plaintiff, Rebecca W. Scott was suggested, and it was revived in the name of Peter Crickard, her administrator; and the death of Sarah Crouch was suggested, and a *scire facias* was issued against Z. T. Chenoweth, late sheriff and administrator *de bonis non* of Elihu C. Crouch, Leland Kittle, administrator of the personal estate of John M. Crouch, deceased, and E. D. Wamsley, executor of the last will and testament of Sarah Crouch, deceased. And on the 27th day of September, 1889, said *scire facias* having been executed, said cause was revived and heard together with the cause of Thomas B. Scott *v.* Z. T. Chenoweth, administrator, *etc.*, and the causes were referred to a commissioner to do various things too numerous to mention.

On the coming in of the report, the court entered the decree complained of, granting the full relief prayed in both bills, and also in a petition of C. H. Scott, administrator of Noah S. Parsons, deceased, filed on the 22d day of October, 1891, asking for a construction of the will of Sarah Crouch, deceased.

The bill of complaint of Thomas B. Scott in the second mentioned cause was filed on the 7th day of March, 1889. The appellant demurred to said bill for want of equity. The court did not finally dispose of the demurrer or pass on the sufficiency of the bill, except in the final decree, granting relief prayed, which is equivalent to virtually overruling the demurrer. Such has been the universal holding of this Court. *Hinchman* v. *Ballard*, 7 W. Va. 152.

The first question that presents itself is as to whether this demurrer should have been sustained. The bill appears to have been filed for the following purposes: (1) To compel a settlement of the accounts of Z. T. Chenoweth, administrator *de bonis non* of Elihu C. Crouch, and, out of the personal funds in his hands, to compel payment of a judgment for costs amounting to fifteen dollars recovered by said plaintiff on the 19th day of September, 1887, against said administrator *de bonis non*. (2) To surcharge and falsify the accounts of John M. Crouch, as administrator of Elihu C. Crouch, deceased, and compel payment of

any balance due the estate of decedent to his said administrator *de bonis non*, that the same might be applied to the satisfaction of his said judgment. (3) In case of no funds derived from either of the above sources, to sell the real estate of Elihu C. Crouch, deceased, to pay said judgment. (4) To settle the accounts of Leland Kittle, administrator of John M. Crouch, deceased; and in case said Crouch was indebte1 to the estate of Elihu C. Crouch, and there were any funds in the hands of his said administrator, to compel the application thereof on his said fifteen dollars judgment; and, if no such funds existed, to sell the real estate of said John M. Crouch, deceased, and, out of the proceeds, pay said fifteen dollar judgment. (5) To settle the accounts of Peter Crickard, administrator of Rebecca Scott, deceased; ascertain what amount is due said administrator from John M. Crouch, administrator of Elihu Crouch, deceased, or from Z. T. Chenoweth, administrator *de bonis non* aforesaid, as the distributive share of Rebecca Scott, deceased; and compel payment of the same, and compel the distribution thereof among the heirs of said Rebecca Scott, deceased. (6) To ascertain the amount due Sarah Crouch, deceased, as a distributee of Elihu C. Crouch, deceased, from his administrator, John M. Crouch, deceased, and compel payment of the same to E. D. Wamsley, executor of Sarah Crouch, deceased. (7) To settle the accounts of E. D. Wamsley, executor of Sarah Crouch, deceased, and distribute her estate among her devisees. (8) To make the estate of John M. Crouch, deceased, pay the whole costs of these various proceedings. The last is not mentioned in the bill, but that is what the final decree did do, and what a person does it is presumed he intended to do.

The mere statement of its objects shows that the bill is multifarious, and it ought not to have been entertained. The ostensible object was to recover the fifteen dollars judgment for costs against the administrator *de bonis non* off of the estate of Elihu C. Crouch, deceased. This judgment bound no one but the administrator *de bonis non* and the personal estate in his hands. It was not and could never become a lien against the real estate in the hands of heirs. Costs were not recoverable at common-law, but are entire-

ly dependent on the statute. The judgment was not an existing debt at the death of Elihu C. Crouch, and did not come into existence until long afterwards, and hence could not be a lien on his real assets. Nor is it evidence against the heir, and, when it is taken away, there is nothing behind it on which to found a decree. It has existence owing to the statutory provisions entirely, and it binds only the person or estate against which it is rendered. In this case it binds only the personal estate in the hands of Z. T. Chenoweth, administrator *d. b. n.* To compel the payment, plaintiff had the right to sue him and the sureties on his bond. *Broderick* v. *Broderick*, 28 W. Va. 378; *Bank* v. *Good*, 21 W. Va. 455; *Saddler's Adm'r* v. *Kennedy's Adm'r*, 26 W. Va. 636. In addition to doing this, he sues the original administrator, to compel him to pay to the administrator *d. b. n.* Between the administrators there is no privity, and the latter can not sue the former for a *devastavit*, and therefore it is improper to join them in one suit. On a proper claim the creditor can sue either or both separately, but not jointly, as they represent two distinct branches of the estate. One represents the estate administered or wasted; the other the estate not administered. Neither is responsible for the *devastavit* of the other. 2 Tuck. Comm. 436; *Coleman* v. *McMurdo*, 5 Rand. 51. If there is an unadministered balance in the hands of the administrator, the administrator *d. b. n.* may sue for it, and the creditors of the decedent must look to the administrator *d. b. n.* for this balance. But one who is purely a creditor of the administrator *d. b. n.*, and not a creditor of the decedent, can not sue the administrator for a *devastavit* committed before such creditor came into existence, as his judgment gives him no debt except as to the estate in the hands of the administrator *d. b. n.* In any event, he should sue them separately, and not jointly, as the demand as to each is separate and distinct, unless he can allege some other grounds of equitable relief, such as fraud, concealment, or collusion.

Between the separate estates of John M. Crouch, Sarah Crouch, and Rebecca Scott there is no such privity as requires them all to be settled in one suit.

The fact that Sarah Crouch's executor and Rebecca

Scott's administrator may have separate demands against the estate of John M. Crouch, deceased, is no reason why, in the suit to enforce these demands, they should be called upon, before they receive the money, to settle their separate executorial and administration accounts, and that the separate heirs and devisees of Rebecca Scott and Sarah Crouch should be convened, and have the funds distributed, and paid directly to them from the estate of John M. Crouch. In the meantime, what is to become of the creditors of Sarah Crouch and Rebecca Scott, if any?

The heirs of Sarah Crouch and Rebecca Scott have no legal right to sue the estate of John M. Crouch for separate demands due their respective ancestors. Their repective personal representatives are the proper persons to sue. 2 Tuck. Comm. 425. It is said: "The court will not permit a plaintiff to demand by one bill several matters of different natures against several defendants, for this would tend to load each defendant with an unnecessary burden of costs, by swelling the pleadings with the statement of the several claims of the other defendants with which he had no connection. A defendant may therefore, in such case, demur." *Stuart's Heirs* v. *Coalter*, 4 Rand. 85. In this cause the court undertakes to settle the three or four separate estates, and, when it comes to a final decree, ladens the whole burden of costs on the infant heirs of John M. Crouch, deceased.

Such a decree is unconscionable. The demurrer to the bill of Thomas B. Scott should be sustained, and the bill dismissed, at plaintiffs' costs, including all unnecessary costs entailed on the other case by reason thereof. The petition of C. H. Scott, administrator of Noah S. Parsons, against the executor and heirs of Sarah Crouch, deceased, seeking to have the will of said decedent construed, should also be dismissed, as foreign to the purposes of this suit. And the cause of Peter Crickard, administrator, *etc.*, against John M. Crouch's administrator, *etc.*, should be remanded, with leave to the plaintiff to file an amended bill, convening the widow, heirs, and creditors of John M. Crouch, deceased, that his estate may be speedily and finally settled up.

As to the various other questions raised, it is useless and improper for the Court to consider them until all the necessary parties are properly before the Court.

The decree complained of will therefore be reversed, the bill of Thomas B. Scott and the petition of C. II. Scott, administrator of Noah Parsons, deceased, be dismissed, but without prejudice to any proper suit to enforce the judgment of Thomas B. Scott against Z. T. Chenoweth, administrator *d. b. n.* of Elihu C. Crouch, deceased, or to settle the estate, and distribute the funds of Rebecca Scott, deceased, or to construe the will, settle the estate, and distribute the funds of Sarah Crouch, deceased. And the cause of Peter Crickard, administrator, against the appellant and others, is remanded for further proceedings. The appellees Peter Crickard, administrator of Rebecca Scott, deceased, and Thomas B. Scott, will pay the appellant his cost about his appeal in this behalf expended.