## CHARLESTON.

### MORGAN v. MORGAN et al.

Submitted June 19, 1896—Decided Dec. 2, 1896.

1. BILL IN EQUITY—DEMURRER—AMENDMENT OF BILL IN EQUITY.
   If a bill in chancery sets out several claims for equitable relief, some of which are inequitable, and others deficient for want of sufficient allegations, on demurrer thereto the bill should be dismissed as to the inequitable claims, and allowed to be amended as to such as are apparently equitable, but defectively stated.

2. PARTIES—DEFENDANTS NOT SERVED—NON-APPEARANCE BY DEFENDANT—PETITION.
   It is error to decree on a petition filed by permission of the court, making numerous parties, both adults and infants, defendants thereto, on whom neither service of process is had, nor any appearance in any manner by them to such petition shown by the record.

R. F. FLEMING for appellants, cited Code, c. 86, s. 7; 8 W. Va. 218, 229; 33 W. Va. 600; 22 W. Va. 303, 307; 23 S. E. Rep. 285, 287; 78 Va. 616; 82 Va. 363; 10 W. Va. 130, 142.

W. A. PARSONS for appellee, cited 128 U. S. 403, 410; 18 S. E. Rep. 611, 613; 16 S. E. Rep. 675; 20 S. E. Rep. 933; 10 W. Va. 645, 748; 5 Am. & Eng. Enc. Law, 906, 909 (note 1) 920, 926.

DENT, JUDGE:

This is a suit in chancery, instituted in the Circuit Court of Jackson county on the 7th day of January, 1891, by P. W. Morgan against P. W. Morgan, administrator of Jesse Z. Morgan, deceased, *et al.* On the 10th day of August, 1891, R. A. Morgan, widow of decedent, demurred to the

bill, which demurrer was overruled. Also, T. H. B. Lemley and W. T. Greer tendered their petition, to the filing of which R. A. Morgan excepted, but the court allowed the same to be filed without sending the same to rules to have process executed thereon. R. A. Morgan filed her answer to the bill. On the 19th day of March, 1892, an order of reference was entered. On the 11th day of August, 1892, exceptions were sustained to the commissioner's report, and the case was recommitted. On the 6th day of March, 1893, decree was entered confirming commissioner's report and ordering a sale of land to pay debts. On the 21st day of August, 1893, decree was entered sustaining exceptions to sale of lands, and ordering resale. On the 14th day of November, 1893, decree was entered confirming sale of Marion county lands. On the 14th day of March, 1894, Mary C. Parks and E. B. Parks filed what they styled their "bill of review," to which the plaintiff demurred, and the court sustained the demurrer, and dismissed such bill. On the 15th day of March, 1894, a final decree was entered overruling the exceptions to the report of the commissioner appointed to sell lands, and the sales were confirmed, and the money directed to be distributed to those entitled thereto. From these various decrees defendants R. A. Morgan, Mary C. Parks, and E. B. Parks appeal.

The first error relied on is as to the overruling of the demurrer to the bill because the same "is multifarious, vague, and insufficient, blending distinct matters and causes of action, neither of which in itself is sufficiently pleaded to constitute proper ground for equitable relief." The bill is as follows, to wit:

"The bill of complaint of P. W. Morgan against P. W. Morgan, administrator of Jesse T. Morgan, deceased; R. A. Morgan, widow of the said decedent; Mary C. Parks, E. B. Parks, her husband; A. B. Morgan, E. J. Morgan; Leona Lacy, T. S. Lacy, her husband; Bettie Hutchinson, Okey Hutchinson, Jesse Hutchinson, Grace Hutchinson, Alice Hutchinson, and Lena Hutchinson (the last five named defendants being infants under the age of twenty one years); and John A. McIntosh—filed in the circuit court of Jack-

son county, West Virginia: The plaintiff complains and says that the defendant R. A. Morgan was the second wife of the said Jesse T. Morgan, deceased; and that she is now about fifty years old; and that she bore the said Jesse T. Morgan no children; and that the said Jesse T. Morgan was an old man when the defendant R. A. Morgan and he were married; and that he died in the latter part of the year 1888, at a very advanced age, to wit, about eighty years old. And the plaintiff further says that he, the plaintiff, and the defendants Mary C. Parks, A. B. Morgan, and E. J. Morgan, are the only living children of the said Jesse T. Morgan, deceased; and that the defendants Leona Lacy, Bettie Hutchinson, Okey Hutchinson, Jesse Hutchinson, Grace Hutchinson, Alice Hutchinson, and Lelia Hutchinson are the children of Narcissa Hutchinson, a deceased daughter of the said Jesse T. Morgan, deceased; and that the plaintiff is the administrator of the said Jesse T. Morgan, deceased, and as such is made a party defendant in this cause; and that the defendant John A. McIntosh is a creditor of the estate of the said Jesse T. Morgan, deceased, and holds the note of the said decedent, Jesse T. Morgan, for one hundred and nineteen dollars and two cents, of the date of the 2d day of November, 1888, which was given by the said Jesse T. Morgan, deceased, in his life, to the defendant McIntosh for goods, wares, and merchandise sold and delivered by the defendant McIntosh to the said Jesse T. Morgan, deceased, before the date of the said note. And the plaintiff further says that the said Jesse T. Morgan, still being in life, by his pretended deed of the date of the 13th day of September, 1888, undertook and attempted to convey to the defendant R. A. Morgan a tract of thirty acres of land, more or less, situate and being in the said state and county, on Copper Fork, a branch of Big Sandy creek, near the village of Sandyville. See certified copy of said deed, herewith filed as an exhibit, and marked ('A.') Plaintiff further says that all of the said tract of thirty acres of land, mentioned and described in the said pretended deed from the said Jesse T. Morgan to the defendant R. A. Morgan, lying on the north side of the Ripley and Parkersburg turnpike, being about fifteen acres thereof, is the land

and property of the plaintiff, and was conveyed to him by one John L. Russell and Philinda Russell, his wife, by their deed of the date of the 10th day of March, 1865 (see certified copy of said last-mentioned deed, herewith filed as an exhibit, and marked 'B'); and that the said fifteen acres of land, part and parcel of the said thirty acres of land, more or less, had been ever since the same was conveyed to the plaintiff by the said Russells, and was at the time the said Jesse T. Morgan attempted to convey the same to the defendant R. A. Morgan, and now is, the land and property of the plaintiff and that the plaintiff had been in the open, notorious, exclusive, and unbroken possession of the said fifteen acres of land, under and by virtue of the said deed from the said Russells to the plaintiff, ever since the same had been made, up to and until the said Jesse T. Morgan attempted to convey the same to the defendant R. A. Morgan as aforesaid. But plaintiff says that the defendant R. A. Morgan has, since the said Jesse T. Morgan attempted to convey the said fifteen acres of land to her as aforesaid, taken forcible and unlawful possession thereof, and by force withholds the possession of the same from the plaintiff. And the plaintiff further says that the said 15 acres of land had been assessed and charged to him on the land books of said county ever since the same was conveyed to him as part of eighty five acres of land mentioned and described by metes and bounds in the said deed from the said Russells to the plaintiff; and that he has ever since paid the taxes and levies thereon; and that the said Jesse T. Morgan made the said pretended deed to the defendant R. A. Morgan without the consent and against the will of the plaintiff. And the plaintiff says that he has been in possession of the said fifteen acres of land as aforesaid, and has claimed and owned the same, under and by virtue of said deed from the said Russells to him, ever since the same was made, and now owns the same; and that the said Jesse T. Morgan never at any time owned the said fifteen acres of land, or any part thereof, and never at any time had any title or interest in or to the same, in law or equity, or in any part thereof; but that the residue of the said thirty acres of land, more or less, so attempted to be conveyed by the said Jesse

T. Morgan to the defendant R. A. Morgan as aforesaid, to wit, about fifteen acres thereof, lying and being on the south side of the said Ripley and Parkersburg turnpike, was the land and property of the said Jesse T. Morgan in his lifetime, and at his death, and upon his death descended to and upon his said children and grandchildren, his only heirs at law, subject to the payment of any valid and legal debts against the said Jesse T. Morgan. The plaintiff further says that the said deed, of the date of the 13th day of September, 1888, from the said Jesse T. Morgan, deceased, to the defendant R. A. Morgan, was and is without consideration deemed valuable in law, and was and is voluntary; and the plaintiff further says that the three hundred dollars pretended in said last mentioned deed to have been paid to the defendant R. A. Morgan to the said Jesse T. Morgan in cash was not, nor was any part thereof, in fact paid by the said R. A. Morgan to the said Jesse T. Morgan, nor was the same, or any part thereof, paid to the said Jesse T. Morgan by any one for the said R. A. Morgan; but plaintiff says that the said three hundred dollars was inserted in the said last-mentioned deed at the instance and request of the defendant R. A. Morgan as the consideration for said thirty acres of land, for the purpose, on her part, of giving to the said deed and conveyance the appearance, upon its face, of being fair and *bona fide*, and to veil her set purpose and intention to defraud the plaintiff and the said children and grandchildren and the creditors of the said Jesse T. Morgan which she fully intended to do and attempted by procuring the said Jesse T. Morgan to attempt to convey the said thirty acres of land to her. And the plaintiff further says that the defendant R. A. Morgan, was during the time she was the wife of the said Jesse T. Morgan, a strong and vigorous woman, and in good health, and that the said Jesse T. Morgan, on the other hand, was during all that time a very old and infirm man, both in body and mind; and that the said Jesse T. Morgan had been very sick and infirm, both in body and mind, for some months before he undertook to make the said pretended deed to the defendant R. A. Morgan, and was then very sick, infirm, and weak, both in body and mind, and con-

tinued so until his (the said Jesse T. Morgan's) death, having suffered, for some months before the said deed was made by him to the defendant R. A. Morgan, with a disease known as 'enlarged prostrate,' with inflamation of the bladder, and resulting disease of the kidneys and spine, and was suffering intensely with the diseases aforesaid at the time he was procured by the defendant R. A. Morgan to make the last mentioned deed to her, and continued to so suffer therefrom until his death, which was caused by and resulted from the said diseases. Plaintiff further says that on the 13th day of September, 1888, being the day upon which said pretended deed was made from the said Jesse T. Morgan to the defendant R. A. Morgan, he, the said Jesse T. Morgan, was so enfeebled, both in body and mind, by reason and on account of his extreme old age, and his intense suffering and great weakness from the diseases aforesaid, that he was then, and had been for some time before, and continued to be, wholly unable to understand or comprehend the nature and effect of the said deed from himself to the defendant R. A. Morgan, and did not, and could not, by reason of the utter prostration of his body and mind as aforesaid, comprehend the nature or effect of the said deed. So it is, plaintiff says, that the said pretended deed from the said Jesse T. Morgan to the defendant R. A. Morgan, of the date of the 13th day of September, 1888, was not and is not the deed of the said Jesse T. Morgan. And the plaintiff further says that the defendant R. A. Morgan well knew, at the time the said pretended deed was made to her by the said Jesse T. Morgan, that he was totally unable to comprehend the same, and that he did not and could not comprehend the said deed, on account of his said mental and bodily prostration; but plaintiff says that she wrongfully and wickedly procured the said Jesse T. Morgan to make the said deed to her for the purpose and with the intent of hindering and delaying plaintiff, and the children and grandchildren of the said Jesse T. Morgan, and the creditors of the said Jesse T. Morgan, and for the purpose of defrauding them of their just rights in the premises.

"The plaintiff therefore prays that he may be permitted to make settlement of his accounts as the administrator of the

said Jesse T. Morgan, deceased, before one of the commissioners in chancery of the said circuit court; and that the fifteen acres of land lying and being on the north side of the Parkersburg and Ripley turnpike, being part of the said thirty acres of land, may be decreed to him; and that the said deed from the said Jesse T. Morgan to the defendant R. A. Morgan, of the date of the 13th day of September, 1888, may be canceled and annulled; and that the portion of the thirty acres of land thereby attempted to be conveyed, lying on the south side of the said Parkersburg and Ripley turnpike, may be sold under a decree of the said court; and that the proceeds of the sale thereof may be applied to the payment of the said Jesse T. Morgan's valid and legal debts, so far as may be necessary to discharge such debts; and that the residue of the proceeds of the sale of the said last-mentioned portion of the said thirty acres of land may be divided and apportioned to and among the said children and grandchildren of the said Jesse T. Morgan according to their several and respective interests therein; and that the plaintiff may have such other, further, and additional relief in the premises as to a court of equity may seem meet and proper. As in duty bound will ever pray, etc. P. W. Morgan, by Wm. A. Parsons, Sol."

In this bill there appear to be three distinct grounds of relief set up: (1) That the plaintiff may be declared to be the owner of a certain tract of fifteen acres of land, for which he has a deed and has been in possession openly and notoriously, since the 10th day of March, 1865, but of which he was forcibly dispossessed by the defendant R. A. Morgan, claiming under a deed from Jesse T. Morgan, deceased, which deed, as counsel insists, is a cloud on his title. In the case of *Christian* v. *Vance*, 41 W. Va. 754 (24 S. E. 596) this Court held: "A bill in chancery can not be maintained by a person holding a deed for, but out of the possession of, a certain tract of land, to cancel as cloud on his title the deed of another claimant (not a tax deed) who may be in possession of such land." The plaintiff, in his bill admits that he is out of possession, and defendant is in possession. Therefore he must first try his title at law. (2) The second ground is that he wants the deed of R. A. Morgan

canceled, and the land sold to pay the debts of Jesse T. Morgan deceased. He is not a creditor, and in his individual capacity is not authorized to maintain a creditors' bill. Code, p. 687, c. 86, s. 7. (3) That the land, or proceeds thereof, remaining after debts are paid, may be partitioned or distributed among the children and grandchildren of Jesse T. Morgan, deceased. There is no allegation in the bill that Jesse T. Morgan died intestate owning an inheritable interest in said land. Yet there is an allegation that, while in life, he undertook and conveyed the land to R. A. Morgan on the 13th day of September, 1888. Afterwards such conveyance is attacked as fraudulent and void, as being without consideration deemed valuable in law, as to his creditors, children and grandchildren. And, further, it is alleged not to be the deed of Jesse T. Morgan at all, for the reason he was incompetent to make a deed. These allegations are contradictory within themselves, and, if plaintiff was equitably entitled to maintain his suit for the possession of the land and the cancellation of the deed as a cloud on his title, the bill would undoubtedly be multifarious. But this he can not do. Code, c. 78, s. 1, provides: "When any person having title to any real estate of inheritance, shall die intestate as to such estate, it shall descend and pass in parcenary to his kindred, male and female, in the following course: (1) to his children and their descendants." By this section alone plaintiff becomes heir to his father's estate. Must the court infer, from the contradictory statements of the bill, that the father died intestate as to the land in controversy? On the contrary it is the duty of the plaintiff to allege substantially everything necessary, which, if admitted to be true, would show his undoubted right to maintain his suit. In the case of *Gay* v. *Skeen*, 36 W. Va. 582 (15 S. E. 64) this Court held: "When there is a demurrer to the whole bill, and also specifically to each of the several claims set out therein, and a part of those claims so demurred to are of such a character as to authorize no relief in such a suit, the court should sustain the demurrer in part, and should dismiss so much of the bill as seeks relief in reference to matter adjudged bad, and overrule the demurrer as to the residue." In this case the

bill, being bad in part, and defective as to the residue, the demurrer should have been sustained, and the bill dismissed as to the matters of claim which were not equitable, and the plaintiff should have been allowed to amend his bill as to those matters that were equitable, if he desired to do so.

The petition of T. H. B. Lemley and W. T. Greer, which the court permitted filed over the objection of the defendant R. A. Morgan, made the parties defendant thereto; yet no process was issued or served upon them, and there was no appearance, except the objection of R. A. Morgan. There is no answer to such petition filed by the guardian *ad litem* of the infant defendants. *Alexander* v. *Davis* (decided at this term) (26 S. E. 291). The court, therefore, erred in considering the same, and entering any decree thereon. This petition appears to have been filed by judgment creditors of Jesse T. Morgan, deceased, to operate as an amended bill, and supply the deficiencies so manifest in the bill. The bill being demurrable, its defects could not be cured except by amendment thereof, and not by petition filed by third parties not parties to the original suit. Process should have been had on the petition before it could be treated as an original bill. *Fowler* v. *Lewis' Adm'r* 36 W. Va. 112 (14 S. E. 447); *Goff* v. *Price,* 42 W. Va. 265 (26 S. E. 287). These errors being so glaring and apparent, the proper parties not having been properly brought before the court and impleaded, the further consideration of other errors assigned becomes wholly unnecessary.

The decrees must be reversed, the sales of real estate set aside, and this cause remanded, with leave to the plaintiff to start anew by amending his bill in such a manner as to show his right to maintain this suit, if he desires or can do so, and, if not, to dismiss the same for want of equity, without prejudice to any necessary creditors' bill to settle the estate of Jesse T. Morgan deceased.