# CHARLESTON.

GRAVES *et al v.* HEDRICK *et al.*

Submitted January 25, 1898—Decided April 2, 1898.

APPEAL—*Defective Parties—Reversal.*

    Where proper parties are not properly before the court the decree will be reversed and the cause remanded for further proceedings. *Crickard* v. *Crouch's Admr's,* 41 W. Va. 503. (p. 552).

Appeal from Circuit Court, Greenbrier County.
Suit by George W. Graves and others against Mary E.

Hedrick and others.    From the decree rendered, Mary E. Hedrick and another appeal.

*Reversed.* ·

J. W. Arbuckle, for appellants.

Gilmer & Gilmer, for Appellees.

Dent, Judge:

George W. Graves, J. N. Alderson, W. L. Barksdale, and J. C. Bright, plaintiffs, filed their bill in chancery in the circuit court of Greenbrier county against C. H. Hedrick, Mary Hedrick, his wife, W. P. Ott, W. M. McCormick, W. G. Hudgins, George McClintic, Clark Howell, N. B. Shepherd, M. M. Ogg, J. H. Caraway, administrator of J. H. Keeney, Levi Witz, Isaac Witz, W. T. Beidler, and S. R. Tregallas, the four last named partners as Witz, Beidler & Co., defendants, in which they alleged that the defendants Witz, Beidler & Co., at the October term, 1889, of the circuit court of Monroe county, W. Va., recovered a judgment for two thousand, five hundred and forty-one dol ars and ninety cents against plaintiffs and H. A. Peck, W. M. McCormick, W. G. Hudgins, George McClintic, Clark Howell, N. B. Shepherd, M. M. Ogg; John H. Keeney, and C. H. Hedrick; that said judgment was rendered in a suit on a bond in which the said H. A. Peck was the principal, and plaintiffs and the defendants named, to wit, C. H. Hedrick, George McClintic, N. B. Shepherd, W. G. Hudgins, M. M. Ogg, W. M. McCormick, and J. H. Keeney, were sureties for said Peck; that said Peck never paid any part of said judgment; that plaintiffs and Clark Howell and M. M. Ogg paid the same in full, except J. H. Keeney's administrator paid about one hundred dollars thereon; that Hudgins, McClintic, McCormick and Shepherd were insolvent.    They further allege that the defendant Hedrick had made certain conveyances to his wife, in fraud of their claim against him for contribution, which conveyances they seek to set aside and annul.    Also that said Hedrick is indebted to the Greenbrier Valley Bank to the amount of one hundred and seventy dollars, and that plaintiff Graves is his surety therefor.    And they ask that

these claims against Hedrick be ascertained, and that the property held by his wife be sold to pay the same. The defendants Hedrick demurred, and answered the bill. The demurrer was overruled. Depositions were taken, and on the 1st day of July, 1896, the case was heard, and the land held in the name of Mrs. Hedrick was adjudged liable to the plaintiffs' claim, and the cause was referred to a commissioner to ascertain the amount thereof. Process was directed to issue on a petition filed by the Greenbrier Valley Bank. From this decree Mary E. Hedrick and C. H. Hedrick appeal, and assign numerous errors; among others, that their demurrer to the bill was improperly overruled, and the proper parties were not before the court at the time of the decree. If this be true, it is improper to consider the other errors at this time.

The demurrer should have been sustained, because the Greenbrier Valley Bank was not a party to the suit. This would have obviated the necessity for the petition filed. The other parties who were not served with process, and who have not in any manner appeared in the case, are H. A. Peck, W. M. McCormick, Geo. McClintock, Clark Howell, N. B. Shepherd, and M. M. Ogg. To cure their neglect for not having these parties properly notified of the pendency of the suit, plaintiffs' attorneys allege in their brief that H. A. Peck had absconded, and that "M. M. Ogg and Clark Howell were represented by the same attorney as the plaintiffs below, and are here now asking affirmance of the decree of the circuit court." The record discloses no appearance for Howell or Ogg, and it is too late to amend the same now. If the attorneys were authorized to do so, they should have made them plaintiffs, or appeared for them in some way. They cannot appear for the first time in this Court. They were necessary parties to this litigation, as a decree was asked in their behalf. The appellants also had the right to have all the co-sureties present, even though they were insolvent, so that a final decree, ending and determining the rights of all the parties, might be entered, and not leave them open to being harassed by the claims of other sureties not represented, and who would not be bound by an adjudication of this Court. It has been repeatedly held that a binding de-

cree cannot be entered until all necessary and interested parties have been in some manner properly brought before the court. *Morgan* v. *Morgan*, 42 W. Va. 542, (26 S. E. 294); *Crickard* v. *Crouch's Adm'rs*, 41 W. Va. 503, (23 S. E. 727); *Bank* v. *Watson*, 39 W. Va. 342, (19 S. E. 413). The decree complained of is reversed, and cause remanded for further proceedings according to the rules of equity.

*Reversed.*