# CHARLESTON.

## CRIM v. PRICE et al.

### RIGHT et al. v. SAME.

Submitted Febuary 2, 1899—Decided April 15, 1899.

EQUITY PRACTICE—*Creditor's—Suits—Parties—Trial.*

    C. brought his bill to enforce judgment liens against the real estate of M. E. P., wife of L. P., and made other lien holders thereon parties defendant. R. & Sons afterwards filed their bill against M. E. P. and L. P., alleging that the deed from the father of L. P., for the real estate sought to be subjected was made to M. E. P., in fraud of the creditors of L. P., and asking to have it set aside, and the real estate subjected to the payment of their judgment against L. P., which existed at the date of the deed, but failed to make the judgment creditors of M. E. P., parties to their bill. The cases were heard together, the deed set aside, and R. & Sons' judgment declared to be the first lien on the property. *Held* error to hear the cases together, or to decree upon the bill of R. & Sons until the proper parties were brought in. (p. 377).

Appeal from Circuit Court, Barbour County.

Bill by J. M. B. Crim against Mary E. Price and by A. Right & Sons against Lewis Price and Mary E. Price. The cases were tried together, and from the decrees Crim appeals.

*Reversed.*

MELVILLE PECK. for appellant.

DAYTON, DAYTON & BLUE, for appellees.

McWHORTER, JUDGE:

At the September rules, 1896, J. N. B. Crim filed his bill in the circuit court of Barbour County against Mary E. Price, Lewis Price, Solomon T. Wilson, J. M. Ramsey, administrator of Isaac Price, deceased, and William H. Price, setting up various judgments in favor of himself, some against Mary E. Price alone, and others against Mary E. Price and Lewis Price, and one in favor of Solomon T. Wilson against Mary E. Price and Lewis Price, and alleging that said Mary E. Price was the owner in fee of a tract of fifty-five acres of land, described in a deed from Isaac Price to said Mary, dated April 6, 1892; a copy of which was filed with his bill, and that said judgments were liens upon said tract of land; that there was reserved in said deed the vendor's lien to said Isaac Price for certain of the purchase money, which plaintiff was not advised as to whether it had been paid or not; that said defendant Ramsey was the duly appointed and legal qualified administrator of the estate of said Isaac Price,—and prayed that said land be subjected to sale to pay liens and costs of suit, according to their priority, and for general relief. The cause was matured at rules; bill taken for confessed and set for hearing as to all the defendants, and on the 13th of February, 1897, was referred by the court to Charles Zirkle one of the court's commissioners to ascertain and report all the real estate owned by defendant Mary E. Price the location and description of same from whom she derived title and when, the state and condition of her title the annual rental value thereof, the liens thereon their amounts and priorities and to whom owing, and all other pertinent matters, etc. The commissioner filed his report, showing that defendant Mary E. Price was the owner of the fifty-five acres of land that the title was good, that the vendor's lien of one hundred dollars reserved to Isaac Price had been paid off, and reporting the liens and priorities thereof, and that the annual rental value of said land was fifty dollars, to which report there were no exceptions. At the June rules, 1897, A. Right, John C. Right, I. F. Right, and G. M. Right, formerly trading as A. Right & Sons,

filed a bill in the same court against Mary E. Price, and Lewis Price, setting up a judgment obtained by them on December 22, 1888, against Lewis Price, as a lien upon the said fifty-five acres of land, alleging that the same belonged to Lewis Price, and that their judgment was a lien thereon as his property; that the same was fraudulently conveyed to Mary E. Price, at the procurement of Lewis Price, in order to hinder, delay, and defraud his creditors, among whom were plaintiffs; that the same was without valuable consideration in law,—and prayed that said deed of April 6, 1892, from Isaac to Mary Price, be held to be fraudulent as to plaintiff's debt, and that the same be set aside and the property subject to their debt. Plaintiffs failed to make J. N. B. Crim, or any of the other judgment creditors of Mary E. Price or Lewis Price, parties defendant to their bill. Process was duly executed on defendants, the bill taken for confessed and set for hearing at the rules, and on the 18th day of November,1897, the two causes were heard together, and the report of the commissioner in the first-named case was confirmed, so far as consistent with the decree. The court ascertained from the pleadings in the case of A. Right & Sons that the deed from Isaac Price to Mary E. Price, dated April 6, 1892, was fraudulent and void as to plaintiff's debt, that the land came to Mary E. Price through her husband, Lewis Price, and that plaintiffs' judgment was the first lien upon the land, and decreed the other judgments to be paid in the order of their priorities as ascertained by said commissioner's report, and decreed a sale of the land to pay the same. From this decree the plaintiff, J. N. B. Crim, appealed, assigning as errors the setting aside of the deed of April 6, 1892, as fraudulent against the bona fide creditors of Mary E. Price,

·harging the said land with the judgment debt of A. Right & Sons against Lewis Price; in charging the said debt against Lewis Price as the first lien on the fifty-five acres of land as against the bona fide creditors of Mary E. Price; not to decree the liens on the land as reported in Commissioner Zirkle's report; in setting aside deed and decree as to the Right & Sons debt, in a chancery cause instituted more than five years after the deed was executed and recorded.

The causes were not consolidated, but heard together.

The cause of Right & Sons could not properly be heard at the time for want of parties. The bill sought to subject the land of the defendant Mary E. Price to the payment of a judgment in favor of plaintiffs against Lewis E. Price, and yet the plaintiffs had failed to make the judgment lien creditors of Mary E. Price parties to their suit, although they have suit pending to subject same property to their liens.    In Bank v. Watson, 39 W. Va. 342, (19 S. E. 413), it is held: "If a lien creditor, in filing a bill to enforce his lien against real estate, neglects to make necessary parties thereto in accordance with the former decisions of this court, all decrees entered will be reversed, and the proceedings thereunder annulled, and the bill will be remanded to be properly amended." *Bilmyer* v. *Sherman*, 23, W. Va. 656; *McMillan* v. *Hickman*, 35, W. Va. 705, (14 S. E. 227); *Neeley* v. *Jones*, 16 W. Va. 625; *Norris* v. *Bean*, 17 W. Va. 655.    It is insisted by appellant that the land belonged to Isaac Price, and he had a right to give it to Mary E. Price, and the creditors of Lewis Price could not complain.    Plaintiff's bill was without equity, unless it was as to the one hundred dollars deferred purchase money due to Isaac Price,which the will alleges was paid by Lewis Price, thereby investing his money and means in the property in fraud and to the prejudice of his creditors, the plaintiffs.    The decree complained of will be reversed, and the cause remanded for further proceedings·

*Reversed.*