# CHARLESTON.

MARTIN v. KESTER et al.

Submitted January 30, 1899—Decided April 15, 1899.

1. ESTOPPEL—Deed of Trust—Grantor.
   A grantor in a deed of trust cannot impeach or disparage his own title to prevent a sale under such trust. (p. 439.)

2. EQUITY PLEADING—Cross Bill—Answer—Parties.
   An answer in the nature of a cross bill praying affirmative relief affecting persons not before the court must make such persons parties, and they must be duly summoned, before such affirmative relief can be granted. (p 439).

3. EQUITY PLEADING—Parties—Relief.
   No relief can be granted in equity without proper pleadings and prayer for same, and unless the proper parties are before the court. (p. 441.)

Appeal from Circuit Court, Harrison County.

Suit by Charles T. Martin against Celia Kester and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

W. SCOTT, for appellant.

LEWIS C. LAWSON, for appellees.

DENT, PRESIDENT:

On or about the 20th day of April, 1897, Charles T. Martin, plaintiff, obtained an injunction against Sherman C. Denham, trustee, to enjoin and restrain him from selling a certain tract of land, under and by virtue of a deed of trust executed by plaintiff on the 7th day of May, 1888, to secure Celia Kester the sum of five thousand dollars, for which he had executed his note. Celia Kester, Samuel O. Kester, her husband, and Sherman C. Denham were made parties defendants to plaintiff's bill. There were apparently two alleged grounds for the injunction. The first was that plaintiff had no title to the land when he executed such trust deed; the second was that he did not owe Celia Kester anything, and he did not give her the note recited

in the trust deed, but, if he did give it to her, it was subject to a settlement of extensive matters of account between plaintiff and Samuel O. Kester. And he prayed that the court should determine the character of plaintiff's title to the land, and that a settlement might be had between him and Samuel O. Kester. As to the question of title, plaintiff is estopped by his deed. He cannot disparage his own title to prevent a sale under such deed of trust, but the same conveyed all his right, title, and interest, both legal and equitable, in and to said property, and this the trust creditor would have the right to have sold. *Turk v. Skiles*, 45 W. Va. 82, (30 S. E. 234). Plaintiff could maintain his suit, however, to have a settlement of his accounts with Samuel O. Kester.

On the 14th day of June, 1897, on motion of Samuel O. Kester and Celia Kester, in vacation, the judge of the circuit court of Harrison County authorized an order to be entered referring the cause to M. M. Thompson, commissioner, to make a settlement of the accounts of the plaintiff and the defendants, and adding further: "Said commissioner shall ascertain and report the liens on the lands of the plaintiff mentioned and referred to in the bill in this cause, together with the respective amounts and priorities of said liens, to whom the same is due and owing, and when payable." An examination of the bill reveals no liens except the trust lien aforesaid. On what theory the judge was justified in making such a general reference does not appear from the papers. It was certainly foreign to the object of the bill. The record contains the joint answer of Celia Kester and Samuel O. Kester, which does not appear to have been filed until the final decree of sale was entered in the cause, controverting certain allegations of the bill, and setting up various judgment liens in favor of various parties against plaintiff's land, and it prays that the liens and priorities on such land may be ascertained, and the land sold, and for general relief. While intended, undoubtedly, as an answer in the nature of a cross bill, it makes no parties defendant thereto, was never properly filed in the cause, nor any process issued thereon. There also appears lodged in the papers of the case the petition of the Farmer's Bank of Fairmont, seeking the enforcement of two judgment liens against the plain-

tiff, Samuel O. Kester, and Jesse H. Willis, which also asks affirmative relief, but makes no parties defendant thereto, and process was never issued thereon, and the petition was never filed until the final order of the court. Also another petition of L. J. Rowland is copied into the record, setting up a judgment against the plaintiff, but which was not filed by any order of the court. Commissioner Thompson returned his report the 10th day of September, 1897, to which numerous exceptions were filed by both plaintiff and the Kester defendants. On the 5th day of October, 1897, the court entered a decree overruling all the exceptions except one, ascertaining and fixing the liens and their priorities, and decreeing a sale of plaintiff's land. From this decree the plaintiff appeals, and both plaintiff and defendants assign numerous errors. It is not necessary to notice all these at the present time. Plaintiff's first, third, fourth, fifth, twelfth, thirteenth, fourteenth and fifteenth assignments of error are founded on the attempt of plaintiff to deny his title to the land in controversy, which he is estopped from doing by his deed aforesaid; and all that could be sold in any event is his right, title, and interest, legal and equitable, and this would not effect the rights of others not parties to the suit. The plaintiff's second assignment of errors relates to the attempt of the Kester defendants in their answer to turn plaintiff's suit into a general lien creditor's suit for the purpose of selling plaintiff's lands to satisfy the trust and other liens against the same. The plaintiff had enjoined the sale of his land until the amount of the defendants' trust lien could be ascertained. The defendants set up as new matter calling for affirmative relief that judgments exist against plaintiff's land prior in right to defendants' trust lien, and, in ascertaining and fixing the amount of the latter, they ask that the former may be determined so that a proper sale of the land, if any, may be had. If it should turn out, of course, that the defendants' lien was satisfied, then there could be no sale of the land unless the judgment creditors were asking it. If the defendants have a lien, they, having been brought into a court of equity, have the right to have it enforced under the court's supervision, and to properly enforce it the prior liens must be ascertained. The defendants therefore had the right to

file an answer in the nature of a cross bill for this purpose. In doing so they must make parties thereto all the prior lienholders as well as the plaintiff, and process must be issued thereon as to an original bill, so that all parties may be properly brought before the court, and impleaded, to the end that complete equity may be meted out. "Such an answer, after responding to the bill, must state the new matter for affirmative relief with the same particularity and certainty under the principles of equity pleading as is required in a formal cross bill stating a case for equitable relief touching the matter in question in the bill, and not one foreign to it, and must name persons interested in this new matter, and make them parties, by calling for process against them, and must contain prayer for relief as a cross bill would in the case." *Goff* v. *Price*, 42 W. Va. 384, (26 S. E. 287); *Oil Co.* v. *Davis*, 44 W. Va. 109, (28 S. E. 747;) *Graves* v. *Hedrick*, 44 W. Va. 550, (29 S. E. 1013); *Crickard* v. *Crouch's Admr's*, 41 W. Va. 503, (23 S. E. 727;) *Morgan* v. *Morgan*, 42 W. Va. 542, (26 S. E. 294;) *McMillan* v. *Hickman*, 35 W. Va. 705 (14 S. E. 227); *Bank* v. *Watson*, 39 W. Va. 342, (19 S. E. 413); *Morgan* v. *Blatchley*, 33 W. Va. 156 (10 S. E. 282); *Holt* v. *Holt* and *Wilson* v. *Carrico*, (decided at this term). The provisions of the Code in relation to the enforcement of judgment liens, and the various decisions of this court relating to necessary parties, and the proper manner to summon and implead them, appear to have been entirely overlooked in this case, and for this reason the decree complained of is reversed and the cause remanded.

*Reversed.*