# WHEELING.

WILSON *et al v.* STRAIGHT *et al.*

Submitted January 30, 1899—Decided June 17, 1899.

EQUITY—*Bill by Remainder-Men—Recovery of Assets.*

    L. gave, devised, and bequeathed all his personal and real es-
tate whatsoever and wheresoever to his wife, S. L., to have and to
hold the same during the term of her natural life; and gave,
devised, and bequeathed all of his real and personal estate what-
soever to his nephew, B. S. W., and his niece, S. W., their heirs,
executors, administrators, and assigns, equally, share and share
alike, subject to the gift, devise, and bequest to his wife, S. L.,
and appointed H. P. W. executor. H. P. W., after paying the
debts and funeral expenses, turned over the personal estate, in-
cluding over twelve hundred dollars in money, at her request, to
the legatee for life, who invested the money in interest-bearing

notes, and sold and assigned said notes to E. G. S., who refused to surrender the same after the death of S. L., to the executor or residuary legatees, B. S. W., and S. W., the residuary legatees, filed their bill in equity against E. G. S., making parties defendant thereto the executor, H. P. W., also the administrator of S. L., and the makers of the several notes assigned to E. G. S., alleging that such assignments were in fraud of plaintiffs' rights, and that E. G. S. was claiming said notes as her own, and illegally withholding the possession thereof from the executor and from plaintiffs, and praying that E. G. S. be required to surrender said assignments and notes to plaintiffs or to the executor, and that said assignments be canceled. *Held*, that a court of equity has jurisdiction to entertain such bill, and demurrer thereto should have been overruled.

Appeal from Circuit Court, Marion County.

Bill by Benjamin S. Wilson and Sarah Tennant against Effie G. Straight and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

RAPHAEL HAYDEN and FRANK HAYDEN, for appellant.
W. S. MEREDITH, for appellees.

McWHORTER, JUDGE:

Alpheus Lemasters devised and bequeathed all his real and personal estate whatsoever and wheresoever to his wife, Sarah Lemasters, to have and to hold the same during the term of her natural life, and by a second clause devised and bequeathed all his said real and personal estate whatsoever unto his nephew, Benjamin Sanford Wilson, and his neice, Sarah Wilson, their heirs, executors, administrators, and assigns, equally, share and share alike, subject to the gift, devise, and bequest thereinbefore made to his wife, Sarah Lemasters; and appointed Henry P. Wilson executor of his said will. The testator died April 4, 1890. The executor probated the will, and qualified as executor. Sarah Lemasters died April 1, 1896. In September, 1896, Benjamin S. Wilson and Sarah Wilson Tennant, the remainder-men in said will, filed their bill in the circuit court of Marion County against Effie G. Straight, Charles L. Clayton, administrator of the estate of Sarah Lemasters, deceased, Henry P. Wilson in his own right and as the executor -

of the last will and testament of Alpheus Lemasters, Asa Ballah, and J. N. Michael, defendants, alleging: That soon after the death of the testator the said executor proved the will, and took upon himself the executorship thereof, and by virtue thereof possessed himself of all the personal estate of the testator, which was much more than sufficient in amount and value to pay the testator's debts and funeral expenses; and, after so applying of said personalty what was necessary for that purpose, the executor had remaining in his hands of said personal estate certain specific chattels and one thousand, two hundred and twenty dollars and seventy cents in money, which chattels and money he turned over to Sarah Lemasters at her request. That, in order to obtain the benefit of her life estate in said money by deriving an income therefrom, as well as to save and keep the principal thereof for plaintiffs in accordance with the provisions of said will, said Sarah Lemasters invested said money in certain interest-bearing, nonnegotiable promissory notes, payable to herself, some of which were the following, viz.: Note of said Henry P. Wilson, dated the —— day of ——, for the sum of fifty-five dollars; note of said Asa Ballah, dated the 19th day of May, 1892, for the sum of three hundred dollars; note of J. N. Michael, dated the —— day of ——, 1890, for the sum of five hundred and fifteen dollars; and note of Benjamin S. Wilson, one of the plaintiffs, dated ——day of ——, 1891, for one hundred and seventeen dollars and fifty cents. That said defendant Clayton was appointed administrator of the estate of said Sarah Lemasters. That some time before the death of Sarah Lemasters possession of said notes was obtained by defendant Effie G. Straight, who had since retained the same, and constantly refused, and still refuses, to turn the same over to said administrator, or to plaintiffs' though often requested by them to do so. That plaintiffs are informed that Straight claims absolute ownership of said several notes by virtue of some several pretended assignments thereof to her by said Sarah Lemasters, and plaintiffs charge that such pretended assignments were made without consideration, and insist that whether made with or without consideration, or in what manner, or for what purpose

soever made, such assignments were and are in fraud of
the rights of the plaintiffs under said will, and were and are
void as against plaintiffs' vested estate in said notes, and
ought to be set aside, and delivered up to plaintiffs to be
canceled; and that said defendant holds said notes as trus-
tee for plaintiffs, and ought to deliver them up to plaintiffs,
or to said administrator for plaintiffs' use, at their request.
They pray that their rights and interests under said will
be declared; that it may be declared that upon the invest-
ment of said money in said notes plaintiffs acquired a vest-
ed estate in remainder in the same under the will, and that
upon the death of said Sarah Lemasters said notes and the
possession thereof belong to plaintiffs, or to said adminis-
trator for their use; that said assignments be held to be
void and of no effect, as against plaintiffs, and that said
assignments be delivered up to plaintiffs to be canceled;
that by said pretended assignments said Straight became
and is trustee of said notes for plaintiffs; that she forthwith
deliver up said notes to plaintiffs, or to said administrator
for plaintiffs' use; that she may pay the costs of this suit and
for general relief.  On the 3rd day of August, 1897, the fol-
lowing decree was entered: "This day came the plaintiffs,
by their counsel, as well as the defendants, by their coun-
sel, and the court, having maturely considered the demur-
rer to the plaintiffs' bill entered at rules by the defendant
Effie G. Straight, and having maturely considered the ar-
gument of counsel, doth consider, adjudge, order, and de-
cree that the said demurrer is well taken, and that the same
be, and is hereby, sustained; and the court hereby grants
leave to the plaintiffs to amend their bill.  But said plain-
tiffs, by their counsel, declining to amend their said bill,
it is therefore adjudged, ordered, and decreed that said
bill be, and the same is hereby, dismissed, and that the de-
fendants recover against the plaintiffs their costs by them
in this behalf expended,"—from which the plaintiffs ap-
pealed, insisting that the court erred in sustaining the de-
murrer and granting the relief prayed for.  There appears
copied in the record also the answer of the defendant Effie
G. Straight, and depositions taken and filed in the cause
for plaintiffs and said defendants; also a settlement of the
accounts of Henry P. Wilson, executor of Alpheus Lemas-
ters, made before a commissioner of accounts of Marion

county, but no order appears filing any of said statements, and the cause was heard alone on the demurrer entered at rules. The only question for this Court is whether the case is such a one as to entitle the plaintiffs to bring their bill. It is insisted by appellees that plaintiffs had an adequate remedy at law, and therefore could not maintain their suit in equity; that they should have sued the executor, and that their remedy at law was adequate. The bill alleges that the executor, after paying the debts of the estate of Alpheus Lemasters, at the request of the legatee for life turned over to her the personal estate remaining in his hands, certain specific chattels, and one thousand, two hundred and twenty-three dollars and seventy cents in money, and that said Sarah Lemasters invested the money in interest-bearing, nonnegotiable promissory notes, payable to herself; that some time before the death of Sarah the defendant Effie G. Straight obtained possession of said notes, which she claimed as her own; that defendant was claiming the notes under pretended assignments thereof made by said Sarah; that said assignments were in fraud of the rights of the plaintiffs, who were entitled to them. In *Cross' Curatrix* v. *Cross' Legatees*, 4 Grat. 257, the parties entitled under the limitation over, in a similar case to this, filed their bill against the curatrix of F. C., the life legatee, who had sold some of the slaves, to recover the slaves, or the value of those sold, and to seek a discovery as to an unknown purchaser of one of them. It was held "that, all the parties being before the court, the plaintiffs may elect to proceed for the recovery of the slaves specifically, or for the value of those sold, from the curatrix of F. C.; and to avoid multiplicity of suits, and because the bill seeks a discovery in relation to one of the slaves sold to some person unknown, a court of equity has jurisdiction of the case." In *Pratt* v. *Bowman*, 37 W. Va. 716, (17 S. E. 210,) it is held that: "While the executor is the proper party to institute suit to rescind such contract, yet if he has disbursed the purchase money among the devisees, and closed his accounts as such executor, and does not proceed in a reasonable time, the devisees have the right to ask for the rescission of such sale, not only for their own benefit, but also for the protection and relief of the executor. Here the parties are all before the court. The plaintiffs are seeking

to recover a trust fund, which they allege is fraudulently withheld from them by one who is seeking to hold the same under an assignment by the legatee for life, who had no right to sell or dispose of the same. In *Alsager* v. *Rowley*, 6 Ves. 748, it is said: "The general principle on which the debtor to the estate cannot be made a defendant to a bill by a creditor or residuary legatee against the executor, unless collusion, insolvency, or some special case, applies equally to the case of a creditor overpaid by the executor." Lord Chancellor Eldon, in the opinion of the court, refers approvingly to the following note by Lord Hardwicke in another case: "One of two residuary legatees brought his bill against the executor and the other residuary legatee and a debtor, suggesting no fraud, nor suggesting any neg-ligence in the executor. The bill was dismissed as against the debtor at the rolls. Upon the appeal the lordchancellor said there is no doubt this is an improper bill as against the debtor. It cannot be, without a special case, for there can be regularly no suit against the debtor but by the exec-utor, who has the right both in law and equity. If he even releases, and is solvent, neither a creditor of the testator nor a residuary legatee can bring any bill against that debt-or. There must be collusion, or insolvency, or some special case; otherwise, it would overthrow all the law relating to devastavits and the rights and property of executors. The court will interfere if there is a special case,—as collusion or insolvency; and then the bill may be brought against both the debtor and the executor. But here this bill is not founded upon any special case; and there must be a special case, or otherwise the bill is inconsistent with the general rules both of law and equity." See, also, *Burroughs* v. *Elton*, 11 Ves. 29. "Suit by a creditor against persons accountable to the estate allowed in a special case; as when the representative cannot or will not act." In the case at bar the defendant is not, under the allegations of the bill, to be treated as a simple debtor of the estate, but she is charged with being fraudulently in possession of trust prop-erty and funds, claiming it as her own property, and refus-ing to surrender it. While it is not alleged that the ex-ecutor refused to act, yet he had delivered the property and funds to the life legatee, and had settled his accounts. The residuary legatees,—the plaintiffs,—by their bill present a

special case. They are entitled to the property and fund, and, having made the executor a party, they were properly in a court of equity, and the demurrer should have been overruled. The decree therefore is reversed, and the cause remanded for further proceedings to be had therein.

*Reversed.*