# CHARLESTON.

## MATHENY *v.* FERGUSON.

Submitted January 26, 1903.   Decided April 22, 1904.

1.   CONVEYANCE—*Grantor—Debts.*

F. and his wife, I., conveyed two hundred and eleven acres of land to W., their son, in consideration of love and affection, and the further consideration that he pay to R. J. M. $300, to A. M. $100 and to I. M. $100, and that he pay off and discharge all debts remaining against the grantors at the time of their

death, or either of them, which deed, W. accepted and took possession of, and held the land thereunder: *Held*: First—W. is personally liable for the debts of the grantors, and second, the land so conveyed to W. whilst held by him will be subjected by a court of equity to pay the debts of the grantors. (p. 660).

2   ESTATE—*Claims—Personal Representative.*

While claims due an estate, should ordinarily be prosecuted by the personal representative thereof, yet it may be done by the beneficiaries thereof in a special case; as where it appears that the personal representative cannot or will not act. (p. 660).

Error to Circuit Court, Mason County.

Bill by Anna Matheny and others against W. V. Ferguson. Decree for plaintiffs and defendant brings error.

*Affirmed*

CHAS. E. HOGG and J. E. BELLER, for plaintiff in error.

H. R. HOWARD, for defendants in error.

MCWHORTER, JUDGE :

William Ferguson and Isabella, his wife, by deed dated October 1, 1901, conveyed to William V. Ferguson a tract of two hundred and eleven acres of land in consideration of love and affection, and the further consideration that he pay to Rebecca Jane McDermott, wife of John McDermott, $300, to Anna Matheny, wife of Henry Matheny $100, to Isabella Metheny $100, and that he pay off and discharge all debts remaining against the parties of the first part at the time of their death or either of them. Anna Matheny, in her own right, and as next friend of the infant children and heirs at law of W. H. Matheny, brought their suit in chancery to enforce the collection of a note for $140, against William V. Ferguson. The note was made by William Ferguson, the father of the defendant and who had died intestate and no one had qualified as his personal representative. Said note was dated the 8th of February, 1892, and payable twelve months after date. The bill alleged that plaintiffs had a right to charge said note as a lien upon the land conveyed to the defendants. The demurrer to said bill being sustained by the court, plaintiffs had leave of the court to file amendments to the bill, which they did, making J. W. McDer-

mott, who qualified as administrator of W. H. Matheny, a party defendant, and alleged that said administrator refused to take charge of said note and to collect the same from the defendant, William V. Ferguson, and alleging also that said McDermott and Ferguson, who were brothers-in-law, colluded and conspired together to prevent the collection of said note, and that the amount due on said note, after deducting charges against the estate of Matheny coming to said administrator for his official fees and costs, was payable to the plaintiffs, and further alleged that William V. Ferguson was sole surety on the bond of said McDermott as administrator. Ferguson demurred to the amended bill which demurrer was overruled and process awarded against McDermott, administrator. Ferguson answered the bill as amended denying that the debts of the deceased, W. H. Matheny, had been paid, and averring that at the time of his death Matheny owed respondent on account $4.50, which still remained due and wholly unpaid, and that at the time of his death said Matheny owed divers other debts which still remained unpaid, and denying that his father had made the note sued upon; and denying the signature to the note, or that his father owed the debt at the time of his death; but admitted that the deed to him required him to discharge all debts remaining against his father at the time of his death. The defendant, William V. Ferguson, also filed a plea verified by his affidavit, denying that William Ferguson, his father, had made or signed said note, and averring that the signature to said note was not in the handwriting of said William Ferguson. The said William V. Ferguson further made an affidavit "that the said William Ferguson did not in his lifetime make or sign the said note, and that the said note is not in the handwriting of the said William Ferguson, and that the said signature of the said note is not written in the handwriting of the said William Ferguson."

Depositions were taken and filed in the cause by plaintiffs and defendant William V. Ferguson. The cause was heard on the 19th of November, 1901, on the bill and amendments thereto, the exhibits, the answer, and plea with replications thereto, and the amount of the note sued upon, with its interest amounting at date of decree to $213.78, and costs of the suit, decreed to be a valid and subsisting lien upon the two hundred and eleven acres of land so conveyed by William Ferguson to William V.

Ferguson, prior to any and all liens suffered, made, or incurred by the said defendant, William V. Ferguson since he became the owner of said land under the said deed of October 1, 1890, and referred the cause to a commisisoner of the court to take, state and report an account showing what indebtedness, their priorities and amounts, and to whom due, was owing by the said William Ferguson at the time of his death, and that in his report the commissioner should hold and take the said sum of $213.78, with interest from November 19, 1901, together with the costs of the suit, to be a valid lien on said land prior to any lien put on said land by the defendant, William V. Ferguson, from which decree the defendant, William V. Ferguson appealed, assigning as error the overruling of the demurrer to the bill and amended bill; and in not dismissing the plaintiff's bill upon the proofs; and in not finding for the defendants upon the defendant Ferguson's verified plea that the note sued upon is not the note of William Ferguson, claiming that the preponderance of the evidence was in favor of the defendants, and also in not finding for the defendants upon the defendant Ferguson's answer and averment that the note was without consideration. The court having sustained the demurrer to the original bill, plaintiffs filed amendments thereto. In addition to the allegations of the original bill, the amendments allege that W. H. Matheny left no debts of any consequence at his death, and that what he did leave had long since been settled and paid; that J. W. McDermott had qualified as administrator of said W. H. Matheny, and that said McDermott, as such administrator, refused to take charge of the $140 note sued upon or to collect the same, and refused to proceed against the defendant, William V. Ferguson, also his only surety on said bond; and prayed that said McDermott and William V. Ferguson colluded together in regard to the said note against the rights of the plaintiffs; that said McDermott and Ferguson were brothers-in-law and that Ferguson was surety on the administration bond of said McDermott, and also his only surety on said bond; and prayed that said McDermott, administrator, be made a party defendant to said suit. The amendments to the bill were filed by order of the court and process awarded against the said administrator, who failed to answer the bill and amendments thereto.

It is contended by appellant that the right to maintain this

suit belongs solely to the personal representative of Matheny. Ordinarily this is true. In *Morgan* v. *Woods,* 69 Ga. 599, it is held: "To allow creditors or heirs to sue third persons otherwise than through the representative of the estate, there must be collusion, insolvency, unwillingness to collect the assets, or some other like special circumstance." And in *Tabb* v. *Cabell,* 17 Grat. 160, (syl. pt. 6), it is held: "If, upon the death of the life tenant of slaves, the executor declines or neglects to recover the slaves, and sell them for division as the will authorized him to do, the remainderman may sue in equity to recover and divide them among the parties entitled." And in *Burroughs* v. *Elton,* 11 Ves. 29: "Suit by a creditor against persons accountable to the estate allowed in a special case, as when the representative cannot or will not act." So in the case of *Richardson* v. *Donehoo,* 16 W. Va. 685, (syl, pt. 10), where it is said: "The executor or administrator is the proper representative of the personal estate, and generally all suits should be brought by and against him in relation thereto. In some special cases this rule seems to have been relaxed." The rule was so relaxed in case of *Wilson* v. *Straight,* 46 W. Va. 651; so in the case of *Poling* v. *Huffman,* 39 W. Va. 320, where the plaintiffs, creditors of the decedent, filed their bill against Anthony Huffman, the sole heir, and James A. Williamson, administrator, it was held that the bill was not demurrable because filed within six months of the date of the appointment of the personal representative of the estate. J. W. McDermott, the administrator, was examined as a witness in the case, and testified that he would not sue upon the note if he had had the same in his possession for the reason that he was related to both parties and did not want to make any trouble. The allegations of the bill in case at bar were sufficient to give the court equity jurisdiction in the case, and the demurrer was properly overruled. There can be no question about the liability of the defendant, William V. Ferguson, to the creditors of his father, William Ferguson, for the debts remaining unpaid at his death, said defendant having accepted the deed from his father with its conditions to pay such debts. It is insisted by appellant that no lien having been reserved by the elder Ferguson to secure the debts to be paid as a condition of the conveyance, the land could not be held subject to the payment thereof. The debt sued upon while not, strictly speaking,

a lien upon the land, was a charge thereon which a court of equity should enforce; that it was called a lien by the court is immaterial. In *Vanmetre* v. *Vanmetre,* 3 Grat. 148, V. had by deed conveyed to A. & I. his lands, in consideration that they should pay his debts and pay him $500 a year during his life. A. & I. did not execute the deed, but they took possession and held the lands, and it is there held that they were personally liable for the debts of V., and it is further held that the land so conveyed to them whilst held by A. & I. would be subjected by a court of equity to pay the debts of V.

The evidence is conflicting as to the making of the note by the decedent, William Ferguson, but is sufficient to sustain the court's finding and is of such a character that different judges might reasonably disagree as to the facts proved or the conclusion to be deduced from them, and there is certainly not a preponderance of evidence against the execution of the note by the decedent. In such case this Court has many times held that it will not disturb a decree based upon such testimony. *Smith* v. *Yoke,* 27 W. Va. 639; *Doonan* v. *Glynn,* 28 *Id.* 715; *Prichard* v. *Evans,* 31 *Id.* 137; *Frederick* v. *Frederick, Id.* 556, (8 S. E. 295), and many others later. The decree complained of simply settled the status of the claim sued upon as a debt against the estate, but gave it no priority over other debts against the estate of the decedent, Ferguson, and provided for convening the creditors by referring the cause to a commisisoner for that purpose, who was to ascertain and report the indebtedness of the estate, to whom due, the amounts and priorities of the debts, and to show what was due, if anything, to the parties named in the deed, to be paid by the grantee, William V. Ferguson.

There is no reversible error in the decree, and it must be affirmed, and the cause remanded to the circuit court for further proceedings to be therein had.

*Affirmed.*

CONCURRING NOTE BY BRANNON, JUDGE:

Counsel for the defense would defend this case by saying that there is no lien on the land under the deed from William Ferguson to William V. Ferguson, because section 1, chapter 75, of the Code, says that if any person convey land, and the purchase money remain unpaid, there is no lien therefor, unless it is

expressly reserved on the fact of the conveyance. I hold that that statute has no application to this case. It is true that the purchase money was not paid, and was thereafter to be paid, and at first thought it occurred to me that the point stated was plausible; but, on further thought, I have come to the conclusion stated. The statute referred to had an obvious purpose. Prior to its enactment where the legal title was conveyed and the purchase money remained unpaid, there was what was called the vendor's implied lien. It existed by implication for the purchase money, though no lien or charge was spoken in the conveyance. It was very dangerous to creditors and purchasers, because it was a hidden, secret lien that might arise at any moment, by oral evidence, to afflict the purchaser or creditor. The statute was intended to abolish that particular lien. It was made to defend creditors and purchasers. *Lough* v. *Michael,* 37 W. Va. p. 686. But in this case William Ferguson conveyed the land and created a trust spoken on the very face of the deed, which gave notice to purchasers and creditors of its existence. It is only the case, known long before that statute, in equity law, of a man conveying land to another in trust to hold it for the benefit of some one else or pay him money. It is simply a trust, not secret, but open, not tested by that statute. The only question is whether the words of the deed do create a trust. They certainly do plainly manifest an intent by the grantor to devote the land to answer certain ends, and that is the trust. Very much authority could be cited to support this position. *Roberts* v. *Coleman,* 37 W. Va. 143; *Willard* v. *Worsham,* 76 Va. 392; *Hooper* v. *Hooper,* 32 W. Va. 526; Story's Eq. section 1246; *Poindexter* v. *Green,* 6 Leigh 504; *Hogg* v. *Browning,* 47 W. Va. 22.

On the question of the execution of the note the evidence is oral and circumstantial and so conflicting that different men could readily differ in opinion as to its effect, and on principle well established, unless we feel convinced of error in the circuit court, we cannot reverse it. *Fitzgerald* v. *Phelps,* 42 W. Va. 570; *Shaffer* v. *Shaffer,* 51 *Id.* 126.

Recurring to the question of lien, I find a case reported in 2 Va. Decisions 70, a book of Decisions in Virginia not officially reported, holding in just such a case as this the very opposite of our holding; but I think it unsound. Why was the case not officially reported? It holds that "all vendor's liens for the pur-

chase of property, unless reserved on the face of the instrument, are abolished by Code 1849, chapter 119, section 1."

*Vanmeter* v. *Vanmeter,* 3 Grat. 148, cited by JUDGE McWHOR-TER, was before the statute requiring a vendor's lien to be reserved in the deed, and if that statute applied to this case, the *Vanmeter Case* would have no force in our decision; but as the statute does not enter into the case, the *Vanmeter Case* is good authority. The deed created a trust to pay debts, and is a clear charge on the land. The trust could not be enforced otherwise than by holding the debts a charge.