# CHARLESTON

## Thompson v. Hern.

Submitted June 11, 1907.    Decided November 12, 1907.

1. Executors and Administrators—*Parties to Actions.*
   To a bill in equity, seeking the release of a vendor's lien, reserved in his lifetime by a person who has since died, the personal representative of such person is a necessary party. (p. 498.)

2. Appeal—*Defect of Parties—Waiver.*
   The defect of want of necessary parties is not waived by failure to assign it specially as a ground of demurrer; and when a demurrer has been interposed and overruled and a decree entered, without such special assignment either on the demurrer or at the hearing, it may nevertheless be relied upon in the Appellate Court. (p. 499.)

Appeal from Circuit Court, Monroe County.

Bill by H. Preston Thompson and others against Cornelia Hern and others. Decree for plaintiffs, and defendants appeal.

*Reversed.  Remanded.*

John W. Arbuckle, for appellants.

Rowan & Meadows, for appellees.

Poffenbarger, Judge:

H. Preston Thompson and others obtained, in the circuit court of Monroe county, a decree, requiring, from some of the heirs at law of Levi Jones, deceased, the release of a vendor's lien on a tract of 103 acres of land, conveyed to Thompson by Jones by a deed dated July 21, 1879, in fulfillment of a prior contract of sale, for and in consideration of the sum of $250.00, of which $25.00 was paid in cash and for the residue of which Thompson had executed his three promissory notes for $25.00, $100.00 and $100.00, to become due, respectively, on the first days of October, 1878, 1879 and 1880; from which decree the defendants below have appealed.

Plaintiffs rely upon long lapse of time, as raising a presumption of payment, and the defendants resist this by production of the notes, claiming them to have been found among the papers of the decedent and denying payment, and by averment of their tender years at the time of their father's death, and their ignorance of the non-payment of the notes.

Owing to the failure of the plaintiffs to make the administrator of the decedent a party, the decree will have to be reversed, without reference to the merits of the cause. As the administrator is the legal representative of the personal estate, the legal title thereof is in him; and the allegation of payment is the assertion of a right against him. Under certain circumstances, distributees may sue a creditor of the estate in equity, as in the case of collusion between the personal representative and creditor, and refusal of the former to sue. *Matheny* v. *Ferguson*, 55 W. Va. 656; *Wilson* v. *Straight*, 46 W. Va. 651; *Poling* v. *Huffman*, 39 W. Va. 320; *Tabb* v. *Cabell*, 17 Grat. 160. But this case is not within the exception. The distributees here are defendants, making no complaint of any dereliction on the part of the administrator, and the exception presupposes the appointment of a personal representative and dereliction on his part while this bill does not. It is argued that a decree will not always be reversed for the want of proper parties, but

that rule applies  only  when  the court can  see  that no right
of the absent party is affected by it.   Sometimes interests are
severable, but such is not the nature of  the interests in-
volved here.   The administrator's title  extends to the entire
subject matter  of the controversy, the debt and  the lien  to
secure payment thereof, wherefore  the case is not within the
principle invoked.   In  this connection, delay in raising  the
objection is relied upon, it  not  having been specifically  set
up  in the court below, but there was a demurrer to the bill,
clearly covering it,  which the court  overruled, and as the
objection goes to  the very root of the decree and ground for
it was  so laid in the  trial court, we perceive  no  theory,
and know of no authority upon which we can refuse to enter-
tain it.   When want of necessary parties is disclosed by the
record, as it is here, the defect may be relied upon  in the ap-
pellate court, although it was not set  up in any  way  in the
court below.   *Reger* v.  *Gall*, 54 W.  Va.  373;   *Gall*  v.  *Gall*,
50 W.  Va.  423;   *Miller* v.  *Morrison*, 47 W.  Va.  664;  *Moore*
v.  *Jennings*, 47 W.  Va.  181;   *Graves* v.  *Hedrick*, 44 W.  Va.
550.   Whether an administrator was ever  appointed  is not
disclosed by the record.   The briefs say administration was,
many years ago, cast upon a sheriff  of the county whose
term of office has expired, and,  upon this statement, which
in no sense brings the fact into the record, is predicated
the untenable claim that, on the expiration of  his term, the
assets of  the estate necessarily went into the hands of  his
successor, so that he can have  no interest in the suit.   That
the status of  such an administration is the  same as that of
any  other  has been repeatedly declared.   *Hutcheson*  v.
*Priddy*, 12 Grat. 85;  *Lucas* v.  *Locke*, 11 W.  Va.  81;  *Brewer*
v.  *Hutton*, 45 W.  Va.  106;  *Tunstall's Admr.*  v.  *Withers*, 86
Va. 892;  *Dabney's Admr.*  v.  *Smith's Legatees*, 5  Leigh 13;
*Douglass' Ex'r* v.  *Sumps*, 5  Leigh 392;  *Tyler* v.  *Nelson's*
*Admr.*, 14 Grat. 214;  *Mosby's Admr.*  v.  *Mosby's Admr.*, 9
Grat. 601.

   That the administrator is a necessary  party when the bill
alleges payment of money  due  the decedent, as the very
ground on which  relief  is sought, admits of no doubt.   *Hill*
v.  *Proctor*, 10 W. Va.  59;  *Nichols* v.  *Nichols*, 8 W. Va.  174;
*Caldwell* v.  *Prindle's Admr.*, 11 W. Va.  307.   The defect of

want of necessary parties may sometimes be waived, but there is no waiver here.

For the error aforesaid, the decree will be reversed and the cause remanded, with leave to the plaintiffs to amend, by making the administrator of Levi Jones, deceased, a party defendant.

*Reversed.   Remanded.*