# CHARLESTON.

OTTO CARDER *et als.* v. AARON JOHNSON *et als.*

Submitted September 30, 1919.    Decided October 7, 1919.

1. EXECUTORS AND ADMINISTRATORS—*Personal Representatives of Vendors Necessary Parties to Suit for Specific Performance.*

   In a suit by the vendee, to compel specific performance of a contract of sale of land, made by two vendors, both of whom are dead, the personal representative of the one who survived his co-vendor, is a necessary party; and omission to make him a party is not excused by the joinder of the personal representative of the other.  (p. 711).

2. SAME—*Nonjoinder Not Excused by Lapse of Time, Raising Presumption of Payment.*

   Nor does lapse of time excuse such omission, the presumption of payment being a rebuttable one and not conclusive.  (p. 712).

3. APPEAL AND ERROR—*On Want of Necessary Parties Court will Reverse and Remand.*

   On an appeal from a decree entered in a cause in which the record discloses on its face omission of a necessary party defendant, the appellate court will reverse the decree, decline to pass upon the merits of the cause and remand it with leave to the plaintiff to amend by bringing in the omitted party. (p. 712).

4. SPECIFIC PERFORMANCE—*In Action by Purchaser, Claimants of Easement Necessary Parties.*

   Claimants of an easement on land which has been sold by an executory contract of sale, purporting to have been granted by the vendor, his heirs or assigns, while the vendee was in possession of the land, are proper parties to a bill seeking specific performance of the contract.  (p. 712).

5. COSTS—*On Reversal for Want of Necessary Party Costs in Appellate Court Awarded Appellant.*

   When the trial court has improperly overruled a demurrer to a bill and dismissed it as upon the merits, and the decree is reversed for want of· a necessary party, costs in the appellate court are awarded to the appellant.  (p. 713).

Appeal from Circuit Court, Doddridge County.

Suit for specific performance by Otto Carder· and others against Aaron Johnson and others.  Demurrer to bill sustain-

ed as to certain defendants, and as respects the named defendant, overruled, and bill dismissed on final hearing, and plaintiffs appeal.

*Reversed, demurrer sustained, remanded.*

*G. W. Farr,* and *F. O. Sutton,* for appellants.
*J. Ramsey,* for appellee.

POFFENBARGER, JUDGE:

The decree under review dismissed, on final hearing, a bill filed for specific performance of an alleged written contract of sale of a 70 acre tract of land purporting to have been executed for and on behalf of the owners or vendors, by an agent, after the overruling of a demurrer thereto. The contract, a title bond, is dated, July 8, 1875, and the plaintiffs and their predecessors in title have been in possession of the land since a date near that of the paper relied upon as a contract.

The alleged vendee was Manley Carder, great-grand-father of the plaintiffs; Daniel Sherwood and Robert Johnson were the vendors; and E. C. Sperry was the agent. The purchase price, as set forth in the bond, was $280.00, of which $50.00 was paid on delivery of the bond, $50.00 to be paid on the 1st day of September, 1875, and the residue in two equal annual installments with interest. Manley Carder seems never to have occupied the land. The theory of the bill is that he put his son Jacob H. Carder in possession thereof and delivered to him the bond. That instrument bears a written assignment by J. H. Carder to R. A. Carder and D. F. Carder, dated, December 20, 1876. According to the testimony of D. F. Carder, the only living party to the transaction, he sold his interest, so acquired, to R. A. Carder, in consideration of the amount of money he had paid to Jacob H. Carder. The sale by J. H. Carder to R. A. and D. F. Carder seems to have been further represented by a title bond executed by the vendor and three notes excuted by the venedees, two for $60.00 each and one for $105.00. The remainder of the purchase price, $75.00, seems to have been paid in cash. Rufus Carder resided on the land until the date of his

death, October, 1910, and died intestate leaving ten children, seven of whom, together with the widow, conveyed their in- terests in the land to Otto Carder, one of the sons; and he and; the other two, as well as an infant sister, brought this suit,. the infant joining merely to validate her deed, the bill says.

Robert Johnson, one of the vendors, died a great many years ago, and Daniel Sherwood, the other alleged vendor,. died about the year 1900. Aaron Johnson, a son of Robert. Johnson, purchased the interest of all of his coheirs; and, at a. judicial sale made under a decree settling the estate of Daniel Sherwood, he purchased all of the Sherwood interest in the land. By a deed dated, June 26, 1906, he conveyed the coal in the land to W. F. Baird. He leased the land for oil and gas purposes to John B. Hoffmier, by an agreement dated November 30, 1910. This lease seems to have been passed by assignment to the Pocahontas Oil and Gas Company, a cor- poration. By a deed dated, June 26, 1905, he granted a pipe- line right of way to the Philadelphia Company of West Vir- ginia, a corporation, which company, by a deed dated, July 31, 1914, leased it to the Pittsburgh and West Virginia Gas Company, a corporation.

The parties defendant to the suit are Aaron Johnson, Henry Ash, administrator of the estate of Robert Johnson, deceased, and the above named grantees of Aaron John- son and their assigns. Though Daniel Sherwood survived Robert Johnson, the personal representative of his estate is not made a party. The administrator or executor of a deceas- ed vendor of real estate is a necessary party to a bill filed for specific performance of the contract. *Richmond* v. *Rich- mond,* 62 W. Va. 206, 219; *Hill* v. *Proctor,* 10 W. Va. 59. Similarly, the personal representative of the vendor is the proper party to sue for the purchase money. *Steenrod* v. *Railroad Co.,* 27 W. Va. 1. Another line of cases asserting the same principle are suits to compel releases of vendor's liens reserved by vendors who have died. The personal repre- sentative of the vendor is, in such case, an indispensable party. *Thompson* v. *Hern,* 62 W. Va. 497. So the personal representative of the creditor in a deed of trust is a necessary

party to a bill to remove a cloud and enforce the lien of the deed of trust. *Bryan, Trustee* v. *McCann,* 55 W Va. 372.

On the assumption that Johnson and Sherwood were joint obligees, the latter alone could have sued for the purchase money at law, after the death of the former. In other words, the right of action for the debt survived to Sherwood, and, on his death, went to his personal representative. 1 Chitty Pl. 19. If it be conceded, that payment might have been made by Manley Carder or his assignees to Robert Johnson or his personal representative, and it manifestly could have been made to Johnson himself, it is clear that it might have been made to Sherwood or the personal representative of his estate, after the death of Johnson, assuming it not to have been previously paid. Hence, for the purposes of this case, it is unnecessary to enter upon any inquiry as to whether payment might rightfully have been made to any person other than Sherwood or his administrator, after Johnson's death. As the bill proceeds upon the theory of payment of the purchase money and alleges payment thereof, the personal representative of Sherwood's estate is a necessary party. The allegation of payment is made against him as well as against the administrator of Johnson.

The long lapse of time raising a presumption of payment does not excuse the omission to make the personal representative a party, for the presumption is a rebuttable one. *Mong* v. *Roush,* 29 W. Va. 119, 129; *Criss* v. *Criss,* 28 W. Va. 388; *Hale* v. *Pack,* 10 W. Va. 145. In *Thompson* v. *Hern,* 62 W. Va. 497, the debt was much more than 20 years old, and in *Hill* v. *Proctor,* 10 W. Va. 59, it seems to have been more than 30 years old.

There is no formal assignment of error to the overruling of the demurrer, but the defect of parties is apparent and it is the practice of this court to decline to decide in any case, any matter affecting a person who is not a party to the cause. And it will reverse a decree or judgment entered in the absence of a necessary party, on its own motion. *Hitchcox* v. *Hitchcox,* 39 W. Va. 607; *Morgan* v. *Blatchley,* 33 W. Va. 155; *Snavely* v. *Pickle,* 29 Gratt. 27.

As to the Philadelphia Company and the Pittsburgh and

West Virginia Gas Co., the demurrer was sustained and the bill dismissed, without prejudice to the rights of the plaintiffs. In as much as the plaintiffs, according to the allegations of their bill, were the beneficial owners of the land and Johnson a mere trustee of the legal title, the former are clearly entitled to have an adjudication of their beneficial or equitable title, if any, against said companies, even though they may have obtained such right, under the power of eminent domain, as precludes their ouster from the right of way. *Given* v. *United Fuel Gas Co.*, 84 W. Va. 301, 99 S. E. 476. To what extent the relief against them might go, it is not necessary to inquire, for the plaintiffs may not be able to show themselves entitled to any, on final hearing.

On the ground of defect of parties, the demurrer was properly sustained as to said companies; but, if and when this defect shall have been cured by an amendment, they will be proper parties to the bill. As to all of the other defendants, the demurrer should have been sustained and the plaintiffs permitted to amend by making the personal representative of Daniel Sherwood a party.

For the errors aforesaid, the decree complained of will be reversed, the demurrer sustained in so far as the court below did not sustain it, and the cause remanded with leave to the plaintiffs to amend.

As to costs in this court, this cause is governed by the decision in *Rowan* v. *Tracy, Ex'r*, 74 W. Va. 649, and they will be decreed to the appellants.

*Reversed, demurrer sustained, remanded.*