CHARLEY TAYLOR *et al.* v. FANNIE TURNER *et al.*

(No. 7693)

Submitted March 6, 1934. Decided March 13, 1934.

*David F. Turner,* for appellant.
*W. H. Carter* and *R. E. Bills,* for appellees.

HATCHER, JUDGE:

This suit involves the construction of a deed. In 1924, Hannah Taylor made a conveyance of land to her daughter,

Fannie Turner. The considerations stated are $5.00 and other valuable considerations received, and "the premises herein-after set out." The warranty is general. The "premises" referred to are as follows:

"It is understood and agreed that said Fannie Turner, upon the sale of the aforesaid property, is to pay her brothers Charley Taylor, William Taylor, Walter Taylor, and Benjamin Taylor, $200.00 each; and her sister Kathryn Wagner the sum of $400.00. The matter of time of sale is left exclusively to said Fannie Turner and the said payments are not to *bare* interest till sale is made."

No express lien was reserved in favor of the .brothers or the sister. The latter received her $400.00. Nothing was paid to the brothers. In the interim Fannie Turner executed several deeds of trust on the property. The one first in priority was in favor of defendant Farmers' Building & Loan Association. The property was sold under that trust, and purchased by the Association. This suit was brought by the Taylor brothers who claim that the provision in the Hannah Taylor deed constituted a trust in their favor against the land and should be held to have priority over the trust deeds executed by Fannie Turner. The circuit court found in favor of the plaintiffs. The Association appeals.

The appellant contends that because no lien was expressly reserved in favor of the brothers, the charges in their favor are merely personal against Fannie Turner. The constructions of provisions similar to the one here are not entirely harmonious throughout the states; so we look primarily to the decisions within this jurisdiction. In *Matheny* v. *Ferguson,* 55 W. Va. 656, 47 S. E. 886, the grantor conveyed land upon consideration that the grantee pay such debts as the grantor should owe at the time of his death, and should also pay certain sums to third persons. Suit was brought against the grantee after the death of the grantor upon an unpaid note of the latter. The court held that the note was a charge upon the land. The third persons were seemingly not before the court. But Judge Brannon (concurring) made no distinction between the payments specified in their favor and the debts of the grantor, saying of the provision: "It is only the case, known long before that statute (the vendor's lien statute) in

equity law, of a man conveying land to another in trust to hold it for the benefit of some one else or pay him money. It is simply a trust, not secret but open, not tested by that statute. The only question is whether the words of the deed do create a trust. They certainly do plainly manifest an intent by the grantor to devote the land to answer certain ends, and that is the trust." In *Garten* v. *Layton,* 76 W. Va. 63, 69, 84 S. E. 1058, part of the consideration for land was the payment of certain sums to third persons. The court held specifically in that case that the contract impressed the land with a trust in favor of the third persons. A like pronouncement was made in *Marinack* v. *Blackburn,* 93 W. Va. 585 (see p. 592), 116 S. E. 7. The foregoing decisions conform to the general rule stated in Perry on Trusts (7th Ed.), sec. 82: "Any agreement or contract in writing, made by a person having the power of disposal over property, whereby such person agrees or directs that a particular parcel of property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, in a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him voluntarily or with notice." Accord: 28 A. & E. Ency. Law 904; Story, Eq. Jurisprudence (13th Ed.), sec 1196; Pomeroy, *idem* (4th Ed.), sec. 1009; *Seymour* v. *Freer,* 8 Wall. 202, 213-214; *Hobson* v. *Whitlow,* 80 Va. 784.

The ruling of the circuit court is supported both by precedent and principle. The ruling is accordingly affirmed.

*Affirmed.*