# CHARLESTON.

## MILLER *v.* MORRISON *et al.*

Submitted January 24, 1900—Decided March 31, 1900.

1. VENDOR'S LIEN—*Parties.*
    In a suit to enforce a lien for purchase money of land by a holder of one note given therefor, holders of other notes equally secured by such lien are necessary parties. (p. 666).

2. NECESSARY PARTIES—*Decree—Reversal.*
    Where necessary parties are not before the court, the decree will be reversed without passing on the merits of the case affecting them, and the case remanded for further proceedings. (p. 667).

3. SPECIFIC PERFORMANCE—*Parties—Adverse Claims.*

    In a suit for specific performance of a contract for sale of land, persons claiming hostile and distinct titles adversely to the title sold by the vendor to the vendee are neither necessary nor proper parties, as equity will not settle conflicting titles to land where the plaintiff has no equity against the person claiming adversely. *Heavner* v. *Morgan*, 4 S. E. 400, (30 W. Va. 335), (Syl., point 2), disapproved. (p. 669).

Appeal from Circuit Court, Summers County.

Bill by Rose E. Miller against M. H. Morrison and others. From the decree, Rose E. Miller and certain of the defendants appeal.

*Reversed.*

MILLER & READ, for appellants.

E. C. EAGLE and McWHORTER & LOWENSTEIN, for appellees.

BRANNON, JUDGE:

Rose E. Miller filed a bill in equity in the circuit court of Summers County against M. H. Morrison and others, stating that Nancy Hinton had sold and conveyed to Morrison a tract of land for one thousand eight hundred dollars, of which seven hundred dollars was paid cash and three hundred dollars was to be paid September 1, 1893, and eight hundred dollars to be paid April 5, 1894, for which deferred payments a lien was reserved; that Morrison executed two notes to Hinton for the deferred payments; that Hinton transferred to John Hinton two hundred and twenty-five dollars of the unpaid purchase money, and that Morrison, by agreement of parties, executed his note for that two hundred and twenty-five dollars, payable to John Hinton, and that John Hinton had assigned said note to James H. Miller, and that he had transferred it to Rose E. Miller; that said note was a lien as part of the purchase money under said deed, and the bill prayed a sale thereof. The bill does not say who owned the balance of the purchase money, except from the inference that it yet belonged to Nancy Hinton. Morrison filed an answer, stating that he paid off the three hundred dollars installment, and that by request of Nancy Hinton he had taken up the eight hundred dollar note, which was a negotiable

note, and in lieu of it had executed five new notes for the balance due on said note, which new notes were payable, one to Silas Hinton, one to John Hinton (which is the note sued on in this case), one to E. E. Helms, one to Mary A. Helms, one to John D. Hinton, and another to John D. Hinton. This answer denied all further liability on Morrison for payment of what balance he admitted as unpaid, on the ground that a part of the land was covered by an adverse title held by Warren Fox and Delilah Fox, and that, in addition to that interlock, there was a large deficiency in the quantity of the tract sold, and that he was entitled to abatement of the purchase money on account of the loss of land by reason of the Fox title and such deficiency in quantity, and that, if allowed for the same, he would owe nothing, but had overpaid the correct amount of purchase money; and the answer prayed that Morrison might be given a decree against Nancy Hinton for the amount which Morrison claimed to have overpaid. The case was referred to a commissioner to report on the quantity of the tract, and what abatement of purchase money Morrison was entitled to, what balance remained unpaid, the liens on the land, and their order. The court rendered a decree overruling substantially the findings of the commissioner, except as to the deficiency in quantity found by the commissioner, exonerating Morrison from the entire balance of purchase money, and decreeing three hundred and fifty-four dollars and sixty-two cents in favor of Morrison against Nancy Hinton for purchase money overpaid by Morrison. From this decree Rose E. Miller, John D. Hinton, Nancy Hinton, John Hinton, Mary A. Helms and E. E. Helms, unite in an appeal.

There is a plain want of necessary parties to the cause. The bill did not make Silas Hinton, John D. Hinton, Mary A. Helms, or E. E. Helms, parties, the owners of notes executed for purchase money, and vitally interested in the case. When the answer came in, showing their interest, as such owners, in the case, the plaintiff should have made them parties at once by amended bill: they claiming to be entitled to participate in the lien for purchase money for the notes executed by Morrison to them. This is not a judgment creditors' bill to convene judgment liens under

the statute requiring all judgment lienors to come forth and file their liens on pain of their loss, but it is a vendors' lien suit, and all persons holding notes secured by such lien are indispensable parties. *Benson* v. *Snyder*, 42 W. Va. 223, (24 S. E. 880); *Marshall's Ex'r* v. *Hall*, 42 W. Va. 641, (26 S. E. 300). Moreover, when the commissioner's report came in it disclosed that C. A. Alvis was assignee of John D. Hinton of one of the notes. He was not made a party. The decree took away from all these owners of notes representing, as claimed, the balance of the purchase money due from Morrison, all their rights without their being present, if such a decree, in their absence, could take away their rights. I think it could not, and that they could harass the purchaser, Morrison, with another suit. *Crickard* v. *Crouch's Adm'rs*, 41 W. Va. 503, (23 S. E. 727), only expresses an almost infallible rule of equity practice in holding that, "where proper parties are not properly before the court, the decree will be reversed, and the cause remanded for further proceedings." In *Smith* v. *Parsons*, 33 W. Va. 644, (11 S. E. 68), it is held that, when lienholders are interested in the lands of a debtor, "if it appears necessary to a safe and proper decision between the debtor and any lienholder that such lienholder should be a formal party, the court may and should require him to be made a party, though his debt has been reported as a lien by a commissioner's report made under an order to convene lienholders and report their liens." How much more so in a suit to enforce a vendor's lien, which is not a suit to convene judgment liens, but a suit for specific performance, and that lien is claimed to exist for the benefit of numerous parties, who are thus directly interested in the result of the suit, and necessary parties. It was the duty of the plaintiff to make these persons parties before asking a decree. It is said that they appeared before the commissioner, and filed their claims, and thus became *quasi* parties; but we do not know that they did. Their liens are reported by the commissioner, but whether they knew of the suit, and actually appeared, does not appear. As a fact it is denied by counsel as to some of them. I do not think that would make them parties in such a suit as this. This Court has so held in some case that I do not now re-

call. Such a mode of binding parties who are not parties to the pleadings, who are vitally interested in the result of the suit, and where the bill constituting the basis of adjudication contains nothing about them or their rights, will not stand in a court of equity. The bill contains not a hint of the rights of the holders of those notes except John Hinton. "There can be no decree without allegations in the pleadings to support it." *Shoe Co.* v. *Haught*, 41 W. Va. 275, (23 S. E. 553). I have said that the bill wants these parties. How as to the answer? It set up the rights of those absent parties except Alvis. Should it have made the owners of those notes parties? It prayed that the plaintiff be required to make them parties, which was proper; for that answer, as to the owners of those notes, was not an answer calling for affirmative relief, but as to all its matter claiming abatement for loss of land and deficiency in quantity was only matter of defense, not new matter calling for affirmative relief, and requiring Morrison to make them parties. *Paxton* v. *Paxton*, 38 W. Va. 616, (18 S. E. 765;) *Depue* v. *Sergent*, 21 W. Va. 326. As to these holders of said notes the only question I have is whether the decree, as to them, is not null and void, so as to deny them the right of appeal, they not being parties; but I understand that a party over whose right a void decree casts a cloud may have recourse to an appeal. They are sufficiently colorably parties so as to grant them an appeal to remove this trouble over their right, if they have any. Besides, Rose E. Miller and Nancy Hinton are entitled to appeal, and that brings the rights of all the parties before the court.

Next as to Nancy Hinton. Morrison's answer is the only pleading contesting her right to purchase money, or asking decree against her for overpayment. As to her, that answer is to be treated as containing new matter calling for affirmative relief, and she was entitled to be served with process to answer the same, and to be made a formal party thereto, as it prayed relief against her. She was just as much entitled to process as is a defendant to an original or cross bill. *Martin* v. *Kester*, 46 W. Va. 438, (33 S. E. 238); *Grobe* v. *Roup*, 46 W. Va. 488, (33 S. E. 261); *Goff* v. *Price*, 42 W. Va. 384, (26 S. E. 287). I consider, under these authorities, the decree against Nancy Hinton void. It is al-

leged by counsel and denied by counsel that she appeared before the commissioner. I see no formal appearance, even, there; but that would not bind her to an adjudication based not on the bill, but on matter found only in that answer of Morrison. Her signature to a paper agreeing the facts that Morrison at the time of his purchase resided in Pocahontas County cannot have the effect of making her a party to this cause for the purposes of that fact so admitted and all others involved in the case.

Are Fox and Roles necessary parties? They. claim parts of the land sold by Nancy Hinton to Morrison by title distinct from and hostile to the title sold by Hinton to Morrison. Under *Heavner* v. *Morgan*, 30 W. Va. 335, (4 S. E. 406), they were necessary parties, and the plaintiff should have brought them in by amended bill. But the second point in that case has been regarded by the legal profession, so far as I have heard, as unsound in law, and is surely against standard authority. A suit to enforce purchase money is one of specific performance, one to enforce a contract between parties or their privies. A stranger claiming adversely to the rights of all the parties to that contract by distinct and hostile right has no privity or connection with it, or with rights under it, and has no right to a voice in its enforcement. Rights under that contract are confined to the parties to it and their privies. Barton's Ch. Prac. (volume 1, p. 227) says: "The general rule in all suits for specific performance is that none but parties to the contract are necessary parties to the suit. Therefore strangers claiming under an adverse title need not be brought in, although one claiming by an antecedent agreement is a proper party." Barton cites Daniell, Ch. Prac., which cites, among the cases to sustain this obvious principle, the case of *Tasker* v. *Small*, 3 Mylne & C. 63, in which Lord Chancellor Cottenham laid down the fundamental rule as follows: "It is not disputed that generally to a bill for specific performance of a contract of sale the parties of the contract only are the proper parties, and, when the ground of the jurisdiction of courts of equity in suits of that kind is considered, it could not properly be otherwise. The court assumes jurisdiction in such cases because a court of law, giving damages only for the

nonperformance of the contract, in many cases does not afford an adequate remedy. But in equity as well as at law the contract constitutes the right and regulates th liability of the party, and the object of both proceedings is to place the party complaining as nearly as possible in the same situation as the defendant had agreed that he should be placed in. It is obvious that persons, strangers to the contract, and therefore neither entitled to the right nor subject to the liabilities which arise out of it, are as much strangers to a proceeding to enforce the execution of it as they are to a proceeding to recover damages for a breach of it. And so is the admitted practice of the Court." So holds *Robertson* v. *Railroad Co.*, 10 Sim. 314. But let us look at our own authorities. *Lange* v. *Jones*. 5 Leigh 192, holds: "A court of equity has no jurisdiction to settle the title and bounds of land between adverse claimants, unless the plaintiff has some equity against the party claiming adversely to him. Therefore, upon a bill in equity by a vendor against vendee and a third person for specific execution of the contract for the sale of land, alleging that part of the land is in possession of and claimed by such third person, and praying that the rights of the vendor and the conflicting claimants may be ascertained, and, if the vendor has no right to the part of the land held by the conflicting claimant, that a proportionate abatement from the purchase money should be made: Held, the court of equity cannot properly entertain such bill as to the conflicting claimant." The same doctrine is held in *Steed* v. *Baker*, 13 Grat. 380. These Virginia cases were not alluded to in *Heavener* v. *Morgan*, and no authority is quoted for the second point in that case. "A court of equity has no jurisdiction to settle the title and boundaries of land when the plaintiff has no equity against the party who is holding the land." *Cresap* v. *Kemble*, 26 W. Va. 603; *Bright* v. *Knight*, 35 W. Va. 40, (13 S. E. 63); *Davis* v. *Settle*, 43 W. Va. 17, (26 S.. E. 557). The jurisdiction of this adverse claimant cannot be based on the mere idea of settling title. Against the claim that such adversary claimant is necessary party it is sufficient to say that he has no interest in or privity with the contract. I should

have cited above, among the authorities, the important case of *Fire Co.* v. *Lent,* 6 Paige 635. See what inconvenience would be produced in practice by holding that every adverse claimant must be a party; how it would protract and widen litigation, and bring in strangers to meddle in a contract with which they have nothing to do. The rule here contended for may be objected to on the ground that it leaves conflict of title unsettled, but that is foreign to the suit, and, as the lord chancellor said in *Tasker* v. *Small, supra,* "I cannot, to avoid an inconvenience in a particular case, sanction a proceeding which I consider inconsistent with the rules of pleading, and which might lead to much difficulty and confusion in the proceedings of the court." But there is another distinct reason against saying that such adverse claimant must, or can be, dragged, into the controversy as a party; and that is based on his constitutional right to have his title passed on by a jury of his country in a court of law. Why shall he lose that inestimable right because other persons have sold and bought land to which he claims adverse title? We have seen from Virginia and West Virginia authorities anterior to *Heavner* v. *Morgan* that courts of equity did not assume jurisdiction to settle adverse title to land, and that in suits in the nature of specific performance they did not assume that jurisdiction. Thus, when our present constitution was adopted, courts of equity had not exercised this jurisdiction, and even the legislature could not thereafter confer such a jurisdiction, for trial of title to land is a trial of a right at common-law, requiring a jury; and in *Davis* v. *Settle,* 43 W. Va. 17, (26 S. E. 557) (Syl., point 6), it is held that "in matters of such nature as give right to trial by jury under the Constitution the legislature cannot give equity jurisdiction over them, and deprive the party of right of trial by jury against his protest." Hence Fox and Roles are neither necessary nor proper parties to this suit.

As necessary parties are not before the Court, we do not and cannot decide the merits of this case, but simply reverse the decree, and remand the cause for further proceedings in accordance with the principles above stated.

*Reversed.*