# CHARLESTON.

DUNBAR *v.·* DUNBAR.

Decided May 10, 1910.

1. EQUITY—*Bill of Review—Limitations.*
   The limitation for a bill of review from a decree made before chapter 40, Acts of 1909, took effect, reducing the limitation to one year, is three years.

2. VENDOR AND PURCHASER—*Vendor's Lien—Enforcement—Parties.*
   In a suit in equity to enforce a lien for purchase money reserved in a conveyance of land, persons not parties to the conveyance, between whom and its parties there is no equity, and who claim title adversary to that of the parties to such conveyance, cannot be made parties to such suit, and their rights cannot be adjudicated against them in it.

Appeal from Circuit Court, Raleigh County.

Bill by H. A. Dunbar and others against W. S. Dunbar and others. Decree for defendants, and plaintiffs appeal.

*Reversed and Remanded.*

*Sanders & Crockett, J. W. McCreery,* and *File & File,* for appellants.

*Price, Smith, Spilman & Clay* and *W. L. Ashby,* for appellees.

BRANNON, JUDGE:

W. S. Dunbar and wife conveyed to D. S. Courtney, E. T. Crawford and W. L. Ashby, 1st, all the right, title and interest formerly belonging to John Cook and Mary A. Cook in lands of which Lemuel Jarrell, Sr., died seized, which interest was pur-

chased by W. S. Dunbar at a sale under a decree, and 2nd, all the right, title and interest of said Dunbar and wife in the land of Lemuel Jarrell, deceased. This deed contained a covenant of general warranty and a covenant for further assurance, and reserved a lien for deferred purchase money. Lemuel Jarrell died seized of ten tracts of land in Raleigh county. W. S. Dunbar brought a chancery suit to enforce against the realty conveyed by him by that deed to Courtney, Crawford and Ashby the lien for purchase money reserved in the deed. Courtney, Crawford and Ashby defended the suit by an answer setting up that by various conveyances from other parties they had become owners of all the shares or interests in the various tracts of land of which Lemuel Jarrell died seized, and that afterwards W. S. Dunbar claimed that said purchasers had not acquired all such interests, and that he still owned the Cook interest, and that in order to get rid of this claim of W. S. Dunbar they purchased of him the said Cook interest and all the interests of Dunbar in said Jarrell land. And said answer further states in effect that two interests had been conveyed by heirs of Jarrell to H. A. Dunbar, and that the deeds being defective those two heirs had made second conveyances of those interests to W. S. Dunbar, thus making conflicting claims to those interests between H. A. Dunbar and W. S. Dunbar. The answer further stated that H. A. Dunbar had conveyed to Michael Lilly and Isabella Lilly a boundary of 250 acres of said land and to William H. Jarrell by one deed 16½ acres and by another deed 62 acres. The answer further alleged that H. A. Dunbar was in possession of and claiming some 700 acres or 800 acres of the Jarrell land. How claiming is not stated. The answer further stated that Michael Lilly and C. N. Dunbar had entered on the land books in their names 18 acres and 104 poles of said land, and that C. N. Dunbar had entered on the land books 11 acres and 5 poles, such entries importing a claim of title, but how the answer does not certify. The answer further stated that by deed Stephen Williams had conveyed to Henry A. Williams 60 to 70 acres of the land and had fenced a portion of it and was in possession thereof; and that W. H. Jarrell was claiming another part of the land containing about 80 acres, and that C. P. Stover somehow claimed 30 acres of the said land, and alleged further

that said adverse claimants were in possession. After this an-
swer was filed W. S. Dunbar filed an amended bill making such
adverse claimants, H. A. Dunbar, Michael S. Lilly, Isabella
Lilly, W. H. Jarrell, C. N. Dunbar, Henry A. Williams, Stephen
Williams, Jack Williams, Daniel Williams and C. P. Stover,
party defendants, and assailing their titles and claims as bad
and asking that their rights be adjudicated, and that their deeds
be canceled and set aside as a cloud upon the titles of the land,
and that they be required to surrender possession to Courtney,
Crawford and Ashby. These adverse claimants, the said new
parties, did not appear and the amended bill was taken for con-
fessed against them. They did not answer the answer of Court-
ney, Crawford and Ashby. Courtney, Crawford and Ashby an-
swered the amended bill asserting their own title to be good
and alleging that the title or right or claim of H. A. Dunbar and
other adverse claimants above named were bad and added that
Jack Williams and Daniel Wiliams and Henry A. Williams
were also asserting title to a portion of the land; and this an-
swer alleged that their titles were worthless and asked that the
rights of all such claimants be adjudicated, and if found valid
that there might be reduction of the purchase money. A decree
was made of sweeping character declaring that the title of Court-
ney, Crawford and Ashby to all the said ten tracts of land of
which Lemuel Jarrell died seized was superior and paramount
to any claim or title of said adverse claimants, H. A. Dunbar,
Michael and Isabella Lilly, William H. Jarrell, C. N. Dunbar
and C. P. Stover, and setting aside the deeds from H. A. Dunbar
to W. H. Jarrell and the deed from H. A. Dunbar to Michael
S. Lilly and Isabella Lilly, and awarding Courtney, Crawford
and Ashby a writ of possession against such claimants, and de·
creeing that Courtney, Crawford and Ashby pay W. S. Dunbar
the purchase money for which the lien was reserved in the deed
from W. S. Dunbar to said purchasers, and subjecting the land
to sale therefor. Afterwards H. A. Dunbar, Michael S. Lilly,
Isabella Lilly and W. H. Jarrell filed a bill of review assigning
errors of· law in the said decree, and praying that the same be
reversed. Courtney, Crawford and Ashby entered a demurrer
to the said bill of review, and a decree was pronounced sustain-
ing said demurrer and dismissing the bill of review, from which

decree H. A. Dunbar, Michael S. Lilly, Isabella Lilly and W. H. Jarrell appeal.

The first point presented for our consideration is, that the demurrer to the bill of review was well taken because it was filed more than two years after the decree, which decree was rendered 22nd December, 1905, and that the bill of review is barred by limitation. This contention is rested on the theory that though the Code until chapter 40, Acts of 1909, reducing the limitation for a bill of review from three to one year, allowed a period of three years, yet that three years limitation was reduced to two by the Act changing the limitation upon an appeal from five to two years, the argument being that the statute reducing the limitation for an appeal to two years by implication changed the limit of a bill of review from three to two years; in other words, though the section of the Code allowing three years for a bill of review was not expressly repealed, yet it was so impliedly repealed, and no bill of review could be entertained, even before the Act of 1909, after two years. To sustain this view we would have to overthrow *Dunfee* v. *Childs,* 45 W. Va. 157, holding that notwithstanding the period of an appeal was two years, a bill of review could be entertained within three years. We are asked to reconsider and overthrow that case. We decline to reconsider that subject, not only on the principle of *stare decisis,* but also because there can now be but few cases in which the matter can be material, as time will soon bar bills of review to decrees anterior to the Act of 1909 fixing the limit for bills of review at one year. The matter then is of little importance except in this case and perhaps a few others. Besides said chapter 40 gives three years as to decrees prior to its passage.

Coming to the merits of the case, we find that the original cause was a suit brought by W. S. Dunbar against Courtney, Crawford and Ashby purely and only to enforce the lien for purchase money reserved in the deed from Dunbar to Courtney, Crawford and Ashby. We find that parties claiming adverse titles to much of the land mentioned above are brought into this suit and their rights adjudicated, and their titles annulled, and their deeds canceled, and title to all the land declared to be in Courtney, Crawford and Ashby paramount to the claim of other co-defendants. A plain error consits in the fact that in

a suit between grantor and grantee having for its sole and only purpose the enforcement of a lien for purchase money reserved in a deed for land, parties who are strangers to the transaction between grantor and grantee, strangers having no connection therewith, having adverse titles and claims, are brought into a suit upon a matter entirely foreign to their rights and claims, and their rights and claims adjudicated and destroyed. That deed made a contract between W. S. Dunbar and his grantees. The rights between them emanate from that deed only, a matter with which the adverse claimants have no connection, as that contract or transaction is confined to the parties to that deed. This right to bring in these strangers is predicated upon *Heavner* v. *Morgan,* 30 W. Va. 335, asserting the right in such a surt to bring in such strangers and settle their rights; but that case has been pointedly overruled by *Miller* v. *Morrison,* 47 W. Va. 664. I shall not repeat the argumentation there found, but will simply say that the authorities there cited do negative the right of the parties in a suit for the enforcement of purchase money to bring in and pass upon the adverse rights of strangers. I will add the strong case of *Peters* v. *Bowman,* 98 U. S. 56, holding that such a trial of adverse title is foreign to a suit to enforce a vendor's lien reserved, because there is no equity between the adverse claimant and the parties to the deed. Indeed, equity has no jurisdiction to try adverse title unless there be an equity between the plaintiff and the party claiming adversely to him. *Freer* v. *Davis,* 52 W. Va. 1; *Johnson* v *Jarrelt,* 14 *Id.* p. 235. If this is not so, then the right and title of these strangers would be settled in equity, and they deprived of a jury trial, and this cannot be. *Cecil* v. *Clark,* 44 W. Va. 659; *Davis* v. *Settle,* 43 *Id.* 19. This is the general rule in equity; but in this case it is more especially applicable because only the rights between Dunbar and his grantees are involved, their contractual rights, and the rights of the stranger parties are entirely foreign to the matter of this suit and to the rights arising between Dunbar, the grantor, and Courtney, Crawford and Ashby, his grantees under the deed between them.

The decree is erroneous for the additional reason that this bill was to enforce a lien only against certain interests in the land, not all the interest; but the decree gives Courtney, Crawford and

Ashby title to the entire ten tracts of the Jarrell land. How could that be done in a suit to enforce a lien only against certain interests therein? The decree goes far beyond the scope of the suit.

I have considered the case as if the deed·from W. S. Dunbar to Courtney, Crawford and Ashby conveyed only the interest of Mary A. Cook in the Jarrell land. · Under the indefinite pleadings it is difficult to say whether this is so or not. In some respects they justify that position and the parties in some respects so regard the deed; but the deed conveys not only that interest but any other interest of Dunbar by a second item. It may be that this second clause in the deed was put in to shut out any further claim by Dunbar, not as intending to convey any more than the Cook interest, but as precautionary against any further claim by Dunbar to the prejudice of his grantees in the Jarrell land. If we regard the deed as conveying only the Cook interest, with what show of reason could the decree pass on other interests when the suit was only to sell one interest for its purchase money? How could the decree give title not only as against Dunbar but other parties to the whole land and all interests therein? But if we regard the deed as conveying not only that Cook interest, but other interest we can say that those other interests are not specified, and that the import of the pleadings is not that the sale covered all the interests in the land, but only some of them. Then, there could not be a decree conferring title to all upon Courtney, Crawford and Ashby in a suit to sell for purchase money for part only and give title to all the land to the destruction of any right which those adversary parties might have.

Counsel for the appellant make the point that Courtney, Crawford and Ashby could not set up against Dunbar any defense of defective title to defeat the claim for purchase money, because the deed conveyed only the right, title and interest of Dunbar, and though it contained a general warranty and a covenant for further assurance that warranty does not operate at all because only right, title and interest were conveyed, not the land itself, citing *Hull* v. *Hull,* 35 W. Va. 156, and *Reynolds* v. *Shover,* 43 Am. St. R. 36, and *Wynn* v. *Harman,* 5 Grat. pp. 158, 164, and *Kent* v. *Watson,* 22 W. Va. 462, and *Hammick* v.

*Patrick,* 119 U. S. 156. And a covenant for further assurance applies to no other estate than that conveyed in the deed already made. *Uhl* v. *Railroad,* 51 W. Va. 107. Counsel say that as, for this reason, these purchasers could not defend for bad title, it follows that they could not bring in these adverse claimants and their titles. There is some force in that argument; but it strikes me that that is a matter between Dunbar and his grantees. Dunbar might say that he did not guarantee title; but we are not passing on the rights between Dunbar and his grantees, and it occurs to me that that matter is one arising only between them. What have these strangers to do with that?

It is hardly necessary to say that the decree cannot be vindicated on the theory that the answer of Courtney, Crawford and Ashby is to be regarded as a cross bill against H. A. Dunbar and other adverse new parties. If as we have shown Dunbar could not bring into this suit the rights of strangers claiming adverse title, for like reason a cross bill answer could not do so. Another reason is that the suit is only for purchase money, not involving in the slightest degree the rights of those adverse claimants, and a cross bill must relate to a matter properly involved in the suit. Hogg's Eq. Proced., section 191; *Hansford* v. *C. & O. Coal Co.,* 22 W. Va. 70, 75; *Peters* v. *Case,* 62 *Id.* 33.

It might occur to the mind that as H. A. Dunbar and other adverse claimants suffered the amended bill, alleging badness of their title, to be taken for confessed they cannot complain; but there is no force in this, because taking everything to be true as appeared in the pleadings, still there could be no decree against these hostile claimants. Their rights were foreign to the matter legally involved in the suit. Chapter 134 of the Code allows a person injured by error of law by a decree by default to reverse it on motion, as he could do by appeal but for that chapter. A bill which does not entitle the plaintiff to any relief in law on its facts against the party, though taken for confessed, does not call for relief and it is reversible error to adjudicate it.

For these reasons we reverse the decree pronounced upon the bill of review on the 22nd day of December, 1908, and we overrule the demurrer to that bill of review; and we reverse so much of the decree in the main cause of W. S. Dunbar against D. G. Courtney and others pronounced on the 22nd day of December,

1905, as declared that the title of D. G. Courtney, E. T. Crawford and W. L. Ashby to the lands described in the record is superior and paramount to any claim or 'title thereto of H. A. Dunbar, Michael S. Lilly and Isabella Lilly, his wife, and William H. Jarrell, and annuls the deed from Henry A. Dunbar and wife to W. H. Jarrell, dated January 7th, 1904, recorded in the county clerk's office of Raleigh county in Deed Book No. 28, page 150, and the deed from Henry A. Dunbar and wife to Michael S. Lilly and Isabella Lilly, his wife, dated February 3rd, 1903, recorded in said office in Deed Book No. 28, page 184, and that clause of said decree awarding to said Courtney, Crawford and Ashby a writ of possession against H. A. Dunbar, Michael S. Lilly, Isabella Lilly and William H. Jarrell, and we dismiss the case as to H. A. Dunbar, Michael S. Lilly, Isabella Lilly and William H. Jarrell, without prejudice to the rights of any of the parties in any other suit in which they may be involved.    And this cause is remanded to the said circuit court for further proper proceedings.

*Reversed and Remanded.*