# CHARLESTON.

ALLIE V. CUNNINGHAM v. B. P. McCORMICK et al.

(No. 5297)

Submitted April 28, 1925.   Decided May 5,. 1925.

1. VENDOR AND PURCHASER—On Issue as to Whether Tax Deed
   Includes Land Covered by Vendor's Lien, One Defending
   Against Enforcement of Lien Has Burden to Show Deed
   Covers Land in Question or Some Part Thereof.
   In a suit to enforce a vendor's lien, where defendant de-
   fends on the ground- that a portion of the land conveyed to
   him has been sold for taxes and the title conveyed to another
   by tax deed prior to defendant's purchase and exhibits in sup-
   port thereof the tax deed, and by replication the issue is
   raised that the tax deed does not include the land covered
   by the vendor's lien, the burden is upon defendant to show
   that the tax deed does actually embrace the land conveyed
   to him or some part thereof.   (p. 130).
   (Vendor and Purchaser, 39 Cyc. p. 1870).

2. SAME—Person Alleged by Purchaser to Have Tax Title to
   Land Conveyed is Neither Necessary Nor Proper Party
   Defendant in Suit to Enforce Vendor's Lien.
   In such suit the person alleged to have tax title is neither
   a necessary nor proper party defendant.   (p. 133).
   (Vendor and Purchaser, 39 Cyc. p. 1857).

   NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part
           of syllabi.

Appeal from Circuit Court, Kanawha County.

Suit by Allie V. Cunningham against B. P. McCormick
and another. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*Murray Briggs,* for appellee.

LIVELY, PRESIDENT.:

The purpose of the bill is to enforce plaintiff's vendor's
lien against a tract of 52½ acres lying in Jefferson Dis-
trict, in Kanawha County, reserved by her in a deed to B. P.
and L. J. McCormick, defendants, dated March 12, 1919.
The defense is that 18½ acres of the land, including valu-

able improvements, was not owned by the plaintiff vendor at the time of the sale to defendants; and rescission of the contract is prayed for on that ground. The answer asserts that 18½ acres of the land was returned delinquent in the name of Robert Brown for non-payment of taxes and was sold by the sheriff and purchased by Blumberg, a tax deed therefor having been executed and delivered to him on April 6, 1904; that afterwards this 18½ acres was again returned delinquent in the name of Turley who held under the Blumberg tax title and was again sold at tax sale and purchased by M. A. Hopkins, a deed therefor being executed and delivered to him on May 28, 1915 by the county clerk. The answer asserts that defendants would not have purchased the 52½ acres if they had known that plaintiff did not have title to, and could not legally convey to them this 18½ acre tract; that defendants believe from information that plaintiff knew when she deeded them the land that she did not have title to the 18½ acres. Defendants ask that Hopkins, the holder of the tax title to the 18½ acres, be made a party and his claim and title thereto be litigated and determined. By special replication plaintiff denies the allegation in the answer to the effect that the 18½ acres purchased by Hopkins at the tax sale is a part of the 52½ acres deeded by her to defendants and denies that Hopkins has any interest in the land in controversy. The matters set out in the answer for affirmative relief are denied by a special and general· replication, thus raising a sharp issue. To maintain their side of the issue defendants filed seven deeds by which they attempted to establish that the 18½ acres is a part of the land deeded to them by plaintiff and sought to be sold in satisfaction of the vendor's lien. The circuit court found for plaintiff on the issue and decreed sale of the land in satisfaction of the vendor's lien. From this decree defendants obtained this appeal.

Do the deeds filed by defendants, (which is their sole evidence), sustain the allegation of the answer that the 18½ acres to which Hopkins has tax title, is a part of the land deeded to defendants?

Defendants, appellants here, have filed no brief and made no appearance to sustain their appeal.

The tax deed to Blumberg for 18½ acres (afterwards sold and deeded to Hopkins for delinquency in tax payments), purports to convey to him by metes and bounds the remainder of a tract conveyed to Robert Brown by Mary F. Young by deed dated April 14, 1897, after Brown had conveyed back to her a part of the same tract.

In 1897 Mary F. Young conveyed to Robert Brown by metes and bounds a tract said to contain 55½ acres, being the same land conveyed to her by Jas. F. Hansford and wife in the year 1874. In October, 1898, Robert Brown deeded back to Mary F. Young by metes and bounds a tract of 35 acres, more or less, evidently a part of the tract deeded to her by Hansford. As above stated, the tax deed to Blumberg is for the residue of the Hansford land which Brown did not reconvey to Mary F. Young, and which residue was returned delinquent in Brown's name. Is that part so sold for taxes a part of the land in controversy? In 1905 Mary F. Young conveyed to E. L. Robertson by metes and bounds a part of two tracts of land, one tract being a part of the Hansford tract of 56 acres deeded to her in 1874, and the other tract being a part of land deeded to her by Broun, Special Commissioner, out of the Williams estate; and there was also included in this deed to Robertson four acres by metes and bounds opposite the dwelling on the other tract and adjacent to the county road. Robertson deeded the land so conveyed to him to Hill in 1908; Hill deeded it to Bowles in 1914; and Bowles deeded it to plaintiff in 1915. Upon inspection of the calls, courses and distances describing the lands conveyed by the deed from Young to Robertson in 1905, and the tax deed to Blumberg in 1904 and by the tax deed to Hopkins in 1915, it is reasonably apparent that while they convey a part of the Hansford tract of 55 acres deeded to Mary F. Young by Hansford in 1874, yet one does not include the other. The calls, lines, corners and distances are different. Brown first purchased from Young the entire Hansford tract which she owned, said to be about 55 acres; he then deeded back to her about 35 acres by metes and bounds, leaving a portion in his name afterwards sold for taxes and deeded from him in that proceeding by metes and bounds. When Young sold to Robertson in 1905, by metes

and bounds, she conveyed the part of the Hansford land deeded to her by Brown and a part of the Williams land. The calls indicate that she did not convey any of the Hansford tract except that which had been deeded to her by Brown. No attempt has been made by defendants to show by survey or verbal testimony that the lines of the deed to them include any portion of the land to which Hopkins has a tax title. Nor is it claimed that Hopkins has possession of any of the land in controversy. The deeds on which they rely do not establish the affirmative matters set up by their answer. Hence, we find no error in the decree, based on the evidence.

Another error assigned in the petition for appeal is based on the refusal of the court to implead Hopkins, the alleged claimant of part of the land. In a suit to enforce a vendor's lien on land adverse claimants to the land are neither necessary nor proper parties. *Miller* v. *Morrison,* 47 W. Va. 664; *Dunbar* v. *Dunbar,* 67 W. Va. 518. If there has been a failure of title to a portion of the land conveyed, and therefore the vendee has paid or contracted to pay for something which he did not get by the conveyance then there may be an abatement of the purchase price in a suit between the parties to the contract. But in a suit of this character adverse claimants to the land have no equity and their rights are not affected by such proceeding. *McClung* v. *McClung,* 78 W. Va. 486; *Steed* v. *Baker,* 13 Grat. 380. There was no error in refusing to bring Hopkins in as a party defendant.

The decree is affirmed.

*Affirmed.*